412 So.2d 27 (1982)
John E. GRUBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2596.
District Court of Appeal of Florida, Second District.
March 31, 1982.
SCHEB, Chief Judge.
Appellant, John Grubbs, seeks review of an order which summarily denied his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(g).
Grubbs was found guilty of one count of aggravated battery and two counts of aggravated assault. The three-year mandatory minimum sentence applied in this case pursuant to section 775.087, Florida Statutes (1979), as appellant possessed a firearm. Grubbs was sentenced to three years on each charge, the sentences to run concurrently. The court also declared Grubbs a habitual offender under section 775.084; however, his sentence was not enhanced as a result of that declaration.
Appellant attacks his conviction on several grounds, but the only point which has merit is his challenge to the legality of his being sentenced as a habitual offender. Section 775.084(3)(b) requires written notice to be served on a defendant and his attorney when the court intends to sentence the defendant under this section. The record reveals that no advance written notice that he might be sentenced as a habitual offender was given to appellant as required by the statute. Thus, his sentence as a habitual offender is illegal and subject to correction by his motion for postconviction relief under Rule 3.850. Massey v. State, 389 So.2d 712 (Fla. 2d DCA 1980).
Accordingly, we strike the reference to Grubbs' being a habitual offender from his *28 sentence; otherwise, we affirm the trial court's denial of his petition.
OTT and RYDER, JJ., concur.