PER CURIAM.
Neal B. Ivey appeals the summary denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850.
In his motion, appellant alleges that his habitual offender sentence is illegal because he did not receive the requisite written notice that the state was seeking an enhanced penalty. § 775.084(3)(b), Fla.Stat. (1983). The trial judge denied the motion on the ground that the issue was not subject to collateral attack by motion for post-conviction relief.
This court ruled to the contrary in Grubbs v. State, 412 So.2d 27 (Fla. 2d DCA 1982), where we found that the same challenge to an habitual offender sentence could be raised by a motion for post-conviction relief under rule 3.850.
Appellant has already conceded that his remaining point is without merit.
Accordingly, we reverse the trial court’s summary denial of appellant’s motion and remand the case to the trial court for further consideration of the habitual offender issue. The trial court should either conduct an evidentiary hearing or support its summary denial by attaching sufficient portions of the record which conclusively show that appellant is not entitled to relief. To obtain further review, either aggrieved party must appeal the new ruling of the trial court.
GRIMES, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.