579 So.2d 878 (1991)
Stephen STICKLES, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02129.
District Court of Appeal of Florida, Second District.
May 24, 1991.
*879 James Marion Moorman, Public Defender, and Deborah A. Goins, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. General, Tampa, for appellee.
PER CURIAM.
The appellant, Stephen Stickles, challenges the judgment and sentence imposed upon him after he was found guilty of battery. We affirm in part and reverse in part.
The appellant, who was seventeen years old at all times material to this appeal, was tried as an adult for the crime of aggravated battery. After a jury found the appellant guilty of the lesser included offense of battery, the trial court sentenced him, as an adult, to serve one year in the county jail and imposed costs in the amount of $75. The appellant filed a timely notice of appeal from the judgment and sentence.
We find no merit in the appellant's contention that the trial court erred by refusing to instruct the jury concerning self defense and, accordingly, affirm his conviction.
We agree, however, with the appellant's contention that the trial court erred by imposing adult sanctions upon him without entering a proper written order. When a child has been tried as an adult and has been found to have committed a violation of Florida law, as in this case, before adult sanctions can be imposed, the trial court must make a determination as to whether adult sanctions are suitable. § 39.111(7)(c), Fla. Stat. (1987). If after considering the six criteria required by section 39.111(7)(c), the court decides to impose adult sanctions, the decision to do so must be in writing and it must be in conformity with each of said criteria. The court must render specific findings of fact and the reasons for the decision to impose adult sanctions. § 39.111(7)(d).
The trial court did not render a written order complying with these statutory requirements. Although a transcript which is made part of the appellate record can satisfy the writing requirements of section 39.111(7)(d), it must contain the requisite findings of facts and reasons for the decision to impose adult sanctions. Lang v. State, 566 So.2d 1354 (Fla. 5th DCA 1990); Martin v. State, 547 So.2d 998 (Fla. 1st DCA 1989); Pimentel v. State, 442 So.2d 228 (Fla. 3d DCA 1983). The transcript in this case does not contain these findings and reveals that the trial court did not address all of the criteria. Martin.
We, accordingly, must reverse and remand for resentencing. Upon remand if the basis for the required findings are present and the court complies with section 39.111(7)(d), the court may once again impose adult sanctions. In the absence of such findings, the appellant must be treated *880 as a juvenile. Tighe v. State, 571 So.2d 83 (Fla. 5th DCA 1990).
In addition to the above-mentioned error, the trial court erred by imposing costs upon the appellant without providing him with the proper notice and opportunity to be heard. We, therefore, strike the imposition of the costs without prejudice to the state seeking to have them reimposed upon resentencing after giving the appellant notice and an opportunity to be heard.
Reversed and remanded for resentencing.
SCHOONOVER, C.J., and RYDER and DANAHY, JJ., concur.