PER CURIAM.
Appellant seeks review of the trial court’s order denying his “Motion to Correct an Illegal Sentence.” We reverse and remand.
In March 1988, appellant was adjudicated guilty of a felony petit theft which had been committed in September 1985. The trial court sentenced appellant to ten years in prison, as an habitual felony offender. Section 775.084(l)(a), Fla.Stat. (1985). Appellant appealed to this court, which reversed the sentence and remanded for re-sentencing because “the factual recitations justifying the enhanced sentence ... [were] not supported by the record.” Daniels v. State, 545 So.2d 504 (Fla. 1st DCA 1989).
On remand, the trial court again found appellant to be an habitual felony offender; and again sentenced him to ten years in prison. However, in doing so, the trial court failed to make all of the specific findings of fact required by statute before an habitual offender sentence may be imposed. The failure to make the requisite findings is fundamental error, resulting in an illegal sentence which may be corrected at any time, regardless of whether or not a contemporaneous objection has been made. See Walker v. State, 462 So.2d 452 (Fla. 1985). Accordingly, we must again reverse and remand to the trial court with directions that it resentence appellant.
REVERSED and REMANDED, with directions.
ERVIN, KAHN and WEBSTER, JJ., concur.