596 So.2d 73 (1991)
Gilbert JUDGE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02215.
District Court of Appeal of Florida, Second District.
September 6, 1991.
On Rehearing March 20, 1992.
On Rehearing En Banc March 20, 1992.
*74 PER CURIAM.
Gilbert Judge appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We reverse.
Appellant alleged in his motion that he did not receive the state's written notice of enhancement and that he did not know in advance of sentencing that the state intended to seek an enhanced sentence pursuant to section 775.084, Florida Statutes (1989). The trial court summarily denied his motion, finding that appellant was aware of the possibility of enhancement by virtue of his plea agreement. The court further found that the issue of lack of notice of enhancement could not be raised in a motion to correct an illegal sentence. The trial court did not attach the plea agreement or the transcripts of the plea and sentencing hearings to its order.
In Grubbs v. State, 412 So.2d 27 (Fla.2d DCA 1982), and in Ivey v. State, 500 So.2d 730 (Fla. 2d DCA 1987), this court ruled that similar allegations could be raised by a motion for postconviction relief. Because the allegations, if true, would entitle appellant to relief from an illegal sentence, the allegations are also the proper subject of a motion to correct an illegal sentence filed pursuant to rule 3.800(a).
Accordingly, we reverse the trial court's denial of appellant's motion and remand the case. On remand, if the files and records of the case conclusively show that appellant is entitled to no relief, the court shall attach those portions of the record to its order. If the court should again deny appellant's motion, he has thirty days in which to appeal.
Reversed and remanded.
RYDER, A.C.J., and DANAHY, J., concur.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, concurring.
I concur because this case is controlled by Grubbs v. State, 412 So.2d 27 (Fla. 2d DCA 1982), and Ivey v. State, 500 So.2d 730 (Fla. 2d DCA 1987). In the absence of this precedent, I would not regard this sentence as illegal. Mr. Judge pleaded guilty to drug charges in May 1989, and was sentenced to fifteen years' incarceration as a *75 habitual offender on July 26, 1989. The sentence was appealed to this court, and we affirmed without written opinion. Judge v. State, 569 So.2d 449 (Fla. 2d DCA 1990). Our records confirm that the direct appeal unsuccessfully challenged the sufficiency of the habitual offender findings.
Mr. Judge admits that the trial court record contains a notice of intent, filed on June 20, 1989, to impose a sentence under the habitual offender statute. He further admits that his attorney received a copy of this notice. He claims that he did not personally receive a copy of this notice and that he was unprepared to challenge the details of his prior record at the sentencing hearing.
The length and the conditions of Mr. Judge's sentence are not illegal under section 775.084, Florida Statutes (1989). The sufficiency of the findings to support this sentence has been affirmed on direct appeal. Thus, the defendant's motion to correct an illegal sentence has potential merit only if a habitual offender sentence is illegal in the absence of proof in the written record that the defendant was timely served with written notice prior to the imposition of sentence. I do not believe that such an omission in the record renders the sentence illegal.
The receipt of timely notice by a defendant is a procedural matter for which an objection could be made at the outset of the sentencing hearing. If the notice is inadequate, that issue should be preserved at sentencing and raised on direct appeal. It is easy at a sentencing hearing to determine whether the defendant received notice at some point in the recent past. If he did not, the hearing can be reset or the error quickly corrected on direct appeal.
If this notice issue renders the sentence illegal, the lack of notice can be raised at any time during the life of the sentence. While this issue may be easy to resolve at a sentencing hearing, it is a far more difficult matter to resolve two years or ten years after the sentencing hearing. This complexity, coupled with a great doubt that this error is fundamental, convinces me that we should not look behind the face of the record to determine whether such a sentence is illegal. Cf. Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987) (defendant foreclosed on motion for postconviction relief from raising scoresheet calculation error not apparent from face of scoresheet).
It seems to me that a defendant might have the option under rule 3.850 to establish that his due process rights were violated by insufficient notice or that his attorney was ineffective for failing to preserve the notice issue for direct appeal. Such a challenge, however, would require allegations in addition to those contained in this motion under rule 3.800 and would be subject to the time limitations of rule 3.850.
I would note that Grubbs may be distinguishable. Mr. Grubbs filed a motion under rule 3.850 rather than rule 3.800. The opinion states that "the record" reveals "no advance written notice that he might be sentenced as a habitual offender was given to appellant as required by the statute." Grubbs, 412 So.2d at 27. Our record in this appeal contains the written notice; we simply cannot determine whether Mr. Judge, in addition to his attorney, received notice. It is unclear whether Mr. Grubbs did or could have raised this issue on direct appeal. Moreover, the effect of the habitual offender status in that case was apparently less significant to the defendant than in this case. The trial court did not extend Mr. Grubbs' sentence as a habitual offender. Instead, Mr. Grubbs received concurrent mandatory minimum three-year sentences. See §§ 775.084, 775.087(2) Fla. Stat. (1979). This court merely struck the reference to the status without otherwise altering his sentence.
Finally, I would note that the order on appeal recites the fact that Mr. Judge was notified at the time of his plea on May 12, 1989, that pursuant to his plea agreement he would be sentenced to fifteen years' incarceration as a habitual offender if that status were proven at the sentencing hearing. No records were attached to the order to support this recitation. If those records exist, in light of the admission that Mr. Judge's attorney received the notice, they *76 would appear to satisfy the requirements of Roberts v. State, 559 So.2d 289 (Fla.2d DCA), dismissed, 564 So.2d 488 (Fla. 1990).

OPINION ON REHEARING EN BANC
ALTENBERND, Judge.
Gilbert Judge appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). On rehearing en banc, we affirm the denial of the motion because it fails to allege facts establishing an illegal sentence.
The defendant was arrested for possessing cocaine on January 8, 1989. He pleaded guilty to these charges in May 1989, and was sentenced to fifteen years' incarceration as a habitual offender on July 26, 1989. The sentence was appealed to this court, and we affirmed without written opinion. Judge v. State, 569 So.2d 449 (Fla. 2d DCA 1990). Our records confirm that the direct appeal unsuccessfully challenged the sufficiency of the habitual offender findings. The briefing in the appeal reflects that the defendant's trial counsel conceded that his client met the criteria for a habitual offender sentence. Moreover, the trial court received evidence indicating the defendant had been convicted of numerous prior felonies.
After the conclusion of his appeal, the defendant filed a motion for correction of his sentence pursuant to rule 3.800(a). He maintained that his habitual offender sentence was illegal for two reasons. First, he argued that the state had relied upon two convictions which were both entered on June 19, 1985. He alleged that he had received only one conviction on that date. The trial court denied this portion of the motion, attaching the necessary documents to show that there had in fact been two convictions entered on June 19, 1985, and finding that this evidence "along with the evidence of the other convictions" had been sufficient to allow sentencing under the habitual offender statute. See State v. Barnes, 595 So.2d 22 (Fla. 1992).
Second, the defendant argued that he had not personally received written notice of the state's intention to sentence him as a habitual offender. See § 775.084(3)(b), Fla. Stat. (Supp. 1988). He admitted that the trial court record contained a notice of intent, filed on June 20, 1989, to impose a sentence under the habitual offender statute. He further admitted that his attorney received a copy of this notice. The trial court summarily denied this portion of his motion, finding that appellant was aware of the possibility of enhancement by virtue of his plea agreement. The court further found that the issue of lack of notice of enhancement could not be raised in a motion to correct an illegal sentence. The trial court, however, did not attach the plea agreement or the transcripts of the plea and sentencing hearings to its order.

I. RULE 3.800(a) HAS NARROWER APPLICATION THAN EITHER DIRECT APPEAL OR RULE 3.850
In evaluating this appeal, it is important to appreciate two matters that are not alleged. First, the defendant's motion does not deny that he has committed two predicate offenses authorizing the trial court to classify him as a habitual offender. Second, the motion does not allege a sworn basis for relief under rule 3.850. It is merely an unsworn motion for correction of an illegal sentence filed pursuant to rule 3.800(a). The defendant's motion does not allege factual recitations of specific steps he would have taken to prepare any submission to the sentencing court if he had received personal written notice from the state.
It would be difficult, if not impossible, to succinctly state the precise distinctions between: 1) a sentencing error that may be corrected on direct appeal, 2) a sentence imposed "in violation of" law that may be corrected under rule 3.850, and 3) an "illegal sentence" that must be corrected at any time under rule 3.800(a). Even though lawyers and judges sometimes loosely refer to all three categories as "illegal" sentences, it is clear that the three categories are not identical.[1] Some errors that can be *77 addressed on direct appeal cannot be raised in postconviction motions. Some errors that can be corrected under rule 3.850 cannot be corrected under rule 3.800(a). Rule 3.800(a) is reserved for the narrow category of cases in which the sentence can be described as truly "illegal" as a matter of law.
Two examples of sentencing errors that can be corrected on direct appeal, but do not create illegal sentences for purposes of rule 3.800(a) may be helpful to this analysis. A sentence imposing adult sanctions on a juvenile in the absence of specific findings regarding the criteria set forth in section 39.059(7)(c), Florida Statutes (1991) is an erroneous sentence. See § 39.059(7)(d), Fla. Stat. (1991); Stickles v. State, 579 So.2d 878 (Fla. 2d DCA 1991). The error is considered fundamental and therefore an objection need not be made in the trial court to preserve the error for appeal. State v. Rhoden, 448 So.2d 1013 (Fla. 1984). Even though this error is fundamental, we have held that it must be raised on direct appeal and cannot be raised as error in a subsequent appeal. Griffin v. State, 519 So.2d 677 (Fla. 2d DCA 1988); see also Davis v. State, 528 So.2d 521 (Fla.2d DCA 1988) (findings are an aspect of the sentencing procedure that can be waived by a plea agreement accepted by the trial court). Likewise, scoresheet errors that are not apparent from the face of the scoresheet may result in an erroneous sentence correctable on direct appeal, but not on a motion pursuant to rule 3.800(a). Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987); Polmanteer v. State, 557 So.2d 678 (Fla. 2d DCA 1990); see Fla.R.Crim.P. 3.800(b).
Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. It is concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law. It is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process. Unlike a motion pursuant to rule 3.850, the motion can be filed without an oath because it is designed to test issues that should not involve significant questions of fact or require a lengthy evidentiary hearing.
For example, unless a defendant is classified as a habitual offender, a sentence is "illegal" if it imposes more than five years' incarceration for a third-degree felony. Sections 775.082(3)(d), 775.084(4)(a)3., (b)3., Fla. Stat. (1991). If for any reason a defendant receives a sentence that exceeds such a maximum possible sentence for the adjudicated crime, the defendant has a fundamental right at all times to seek relief and obtain a sentence that fits within the confines of the law. This can readily be accomplished at any time because the legal issue can be resolved from an examination of the basic public records concerning the adjudicated offense and the resulting sentence.

II. THE NOTICE REQUIREMENT FOR SENTENCING AS A HABITUAL OFFENDER IS PROCEDURAL AND IS NOT AN ASPECT OF THE SENTENCE REVIEWABLE UNDER RULE 3.800(a)
The dispositive issue in this appeal is whether the written notice required in section 775.084 is a procedural aspect of sentencing or a substantive requirement that affects the terms and conditions of a sentence. The terms and conditions of the defendant's sentence are not illegal under section 775.084, Florida Statutes (Supp. 1988). They would be illegal only if the defendant was improperly subjected to sentencing *78 as a habitual offender and was entitled to sentencing under the guidelines.
We have recently explained that the habitual offender statute establishes a two-step process. King v. State, No. 91-00036, ___ So.2d ___ (Fla. 2d DCA Mar. 4, 1992). First, the trial court determines that the defendant qualifies as a habitual offender. "Habitual offender" is merely a category or classification. Once a defendant is determined to fall within this category, the trial court has two basic sentencing options. It can sentence the defendant pursuant to the extended sentences provided for habitual offenders, or it can decide that such sentencing is not necessary for the protection of the public and sentence the defendant pursuant to the sentencing guidelines. The decision that an extended sentence is not necessary for the protection of the public is a discretionary decision that the trial judge makes after reviewing the presentence investigation report and other relevant information.
Applying this procedure, it is apparent that the written notice is important primarily for the second step. The notice gives the defendant time and opportunity to submit information to convince the trial judge that the extended sentence is not necessary to protect the public. The notice is not as critical to the first step because the state, in the absence of a stipulation by defendant, must affirmatively prove the two predicate offenses that are the basis for the decision to place the defendant in the habitual offender classification. The Fifth District has recently applied a harmless error analysis to this written notice requirement, which only seems logical if the requirement is treated as procedural. Massey v. State, 589 So.2d 336 (Fla. 5th DCA 1991).
As a result of the King analysis, we conclude that a habitual offender sentence is illegal for purposes of rule 3.800(a) only if: 1) the terms or conditions of the sentence exceed those authorized by section 775.084 for the adjudicated offense, or 2) a prior offense essential to categorize the defendant as a habitual offender does not actually exist. In either of these circumstances, the sentence does not fall within the maximum authorized by law and is not a sentence that the trial court could, as a matter of law, have imposed. Such an error can be determined at any time from a review of the defendant's criminal records. The defendant does not allege either circumstance in his motion.
We emphasize that this opinion does not establish what remedy a defendant might have on direct appeal or under rule 3.850 to challenge his or his attorney's failure to receive written notice prior to the sentencing hearing. Since the trial judge might be convinced by the defendant's "submission" under section 775.084(3)(b), Florida Statutes (Supp. 1988), to decide that an extended sentence was not necessary to protect the public, it is quite likely that the inability to file a submission because of inadequate notice could result in an erroneous sentence subject to correction on direct appeal. But see Roberts v. State, 559 So.2d 289 (Fla. 2d DCA) (sentence is not erroneous on direct appeal for lack of personal notice if attorney received notice and filed a submission on behalf of his client), dismissed, 564 So.2d 488 (Fla. 1990); cf. Massey (failure to receive notice subject to harmless error analysis). Likewise, if a defendant could prove at a postconviction hearing that he would have submitted information to successfully avoid an extended sentence, it is possible that some relief could be provided under rule 3.850 either for ineffective assistance of counsel or for a deprivation of procedural due process. Such a postconviction procedure, however, would require timely sworn pleadings and the type of evidentiary hearing not contemplated by rule 3.800(a).
Finally, we have not overlooked Walker v. State, 462 So.2d 452 (Fla. 1985), in this analysis. In Walker, the supreme court held that the omission of the more extensive findings previously required for a habitual offender sentence was a fundamental error by the trial court which must be corrected on direct appeal. When Walker was decided, the findings were critical for *79 review of the sentence on direct appeal.[2]Walker rejected an alternative proposal from the First District to review this omission by postconviction motion. The supreme court has never held that, if the fundamental error concerning habitual offender findings is not raised in the direct appeal, it is reviewable many years later by means of an unsworn rule 3.800(a) motion.[3]But see Daniels v. State, 593 So.2d 312 (Fla. 1st DCA 1992) (Walker error reviewed on appeal of the denial of a "Motion to Correct an Illegal Sentence" where it appears that the appeal was similar to a direct appeal of a sentence imposed on remand).
To the extent that the holdings or rationale in Grubbs v. State, 412 So.2d 27 (Fla. 2d DCA 1982), and in Ivey v. State, 500 So.2d 730 (Fla. 2d DCA 1987), conflict with this opinion, we recede from those earlier opinions.
Affirmed.
NOTES
[1] It might be helpful if lawyers and judges referred to sentencing errors that are correctable only on direct appeal as "erroneous sentences." Likewise, sentencing errors that are correctable only after an evidentiary hearing under rule 3.850 would be "unlawful sentences." This would reserve the term "illegal sentence" for use only under circumstances in which the error must be corrected as a matter of law, even in a rule 3.800 proceeding. We admit, however, that this precision would be difficult, even for this court to obey consistently. It is perhaps enough if lawyers and judges keep in mind that these distinctions do exist for good jurisprudential reasons and may affect the relief available at various stages postconviction.
[2] We note that the defendant was sentenced under the amended habitual offender statute. Section 775.084, Fla. Stat. (Supp. 1988). The new findings supporting the habitual offender classification are essentially ministerial in nature. See King v. State, 597 So.2d 309, 313-14 (Fla. 2d DCA 1992).
[3] "Fundamental error" is even more difficult to explain than "illegal sentence." It is probable that "fundamental error" is used to describe more than one concept. See generally, State v. Smith, 240 So.2d 807 (Fla. 1970); Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976); Castor v. State, 365 So.2d 701 (Fla. 1978), receded from on other grounds, State v. Diguilio, 491 So.2d 1129 (Fla. 1981). In its narrowest functional definition, "fundamental error" describes an error that can be remedied on direct appeal, even though the appellant made no contemporaneous objection in the trial court and, thus, the trial judge had no opportunity to correct the error. Castor v. State, 365 So.2d 701 (Fla. 1978). "Generally, fundamental errors are those of constitutional dimension. But not all errors of constitutional dimension are fundamental." Clark, 336 So.2d at 472. On direct appeal, there is a healthy tendency to occasionally find a constitutional "dimension" in some errors and to declare the errors "fundamental," even though they may not rise to the level of an actual deprivation of the appellant's constitutional rights. Particularly in the case of procedural errors and trial conduct, the case law reflects this tendency. See, e.g., Stokes v. Wet 'N Wild, Inc., 523 So.2d 181 (Fla. 5th DCA 1988); Moore v. Taylor Concrete & Supply Co., 553 So.2d 787 (Fla. 1st DCA 1989) (severe misconduct by opposing counsel). The mere fact that an error, especially a procedural error, is fundamental for purposes of relief on direct appeal is no guaranty that the error must be corrected on postconviction motion when it was neither preserved in the trial court nor argued on direct appeal. See Styles v. State, 465 So.2d 1369 (Fla. 2d DCA 1985) (trial court's failure to state reasons for retaining jurisdiction over a sentence can be raised as fundamental error on direct appeal, but not thereafter); Mobley v. State, 590 So.2d 1022 (Fla. 2d DCA 1991); Morris v. State, 422 So.2d 338 (Fla. 3d DCA 1982).