PER CURIAM.
David Sam appeals the summary denial of his motion to correct an illegal sentence. We reverse because the trial court failed to attach the portions of the record which refute the allegation that his sentence was improper.
Sam was found to be guilty of a December 31, 1989 robbery and was sentenced to thirty years’ imprisonment as a habitual felony offender. Sam argues that he is entitled to resentencing pursuant to the dictates of Johnson v. State, 616 So.2d 1 (Fla.1993), because the trial court improperly used out-of-state convictions to qualify him as a habitual offender. Sam has properly raised this issue under Florida Rule of Criminal Procedure 3.800. See Freeman v. State, 616 So.2d 155, 156 (Fla. 1st DCA 1993).
In denying his motion, the trial court concedes that Johnson is applicable. However, the court indicates that Sam has been properly classified based upon his prior Florida felony convictions, without reference to any out-of-state convictions. The court does not support its holding with any documentation.
Accordingly, the order denying the motion to correct illegal sentence is reversed. Upon remand, if the trial court again denies the motion, it must attach those portions of the record which conclusively refute Sam’s allegation. Alternatively, the court shall conduct an evidentiary hearing on the issue.
Reversed and remanded with directions.
FRANK, C.J., and ALTENBERND and LAZZARA, JJ., concur.