PETERSON, Judge.
Boyd Lynn Rafferty entered into a plea agreement with the assistance of an attorney and was sentenced pursuant to the terms of the agreement on January 15, 1992. He waived a presentenee investigation and agreed to a sentence of five years incarceration with credit for 36 days accumulated in the Volusia County jail.
Two years and three months later, he filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a),[1] complaining that the sentencing court failed to give him credit for time spent in a John-' ston, North Carolina, jail from July 16, 1991 until December 16, 1991. He does not explain in the motion why the time spent in a North Carolina jail is related to the sentence he received in Florida on January 15, 1992.
Apparently the trial court that summarily denied Rafferty’s 3.800 motion was puzzled' by the allegation that the North Carolina jail time should have been credited. The order of denial related the facts set forth above and concluded that since Rafferty agreed to the sentence, including the specific credit of 36 days, no relief was warranted.
While this comí was reviewing this appeal, Rafferty directed a letter to this court’s clerk attaching a copy of a purported Daytona Beach Police Department incident report that he says supports his contention that credit for the North Carolina incarceration is proper. Rafferty and all pro se litigants should be made aware that such an attempt to present evidence to this court is highly improper and we will not consider it. This court exists to review what an appellant perceives to be an error committed by the lower tribunal. If evidence of out-of-state incarceration related to the crime for which Rafferty’s instant sentence was imposed was not submitted to the trial court for consideration, the trial court could not err on that score. If error exists, it was on Rafferty’s part for failing to bring the issue of out-of-state credit to the attention of the sentencing court when he entered his plea.
We affirm the denial of Rafferty’s motion.
AFFIRMED.
DAUKSCH and THOMPSON, JJ., concur.

. We note Judge Altenbernd’s conclusion that “Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law” and "is designed to test issues that should not include significant questions of fact or require a lengthy evidentiary hearing.” Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991) (Altenbernd, J., concurring), rev. denied, 613 So.2d 5 (Fla.1992).