PER CURIAM.
Wallace Brooks appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse as to one allegation only.
On March 10, 1993, Brooks entered an open plea to possession of cocaine. Several weeks later, the court sentenced him as a habitual offender to a six-year prison term followed by four years’ probation. He claims that his plea was involuntary for two reasons. First, he alleges that he was not informed about the consequences of being sentenced as a habitual offender, particularly the effect on early release. Second, he asserts he did not receive before entering his plea notice of the state’s intent to seek an enhanced sentence. He cites Ashley v. State, 614 So.2d 486 (Fla.1993), which was issued on February 25, 1993, in support of both grounds. The trial court denied the motion without explanation and attached the plea and sentencing transcripts.
The transcripts fail to refute the allegation that he was unaware of the consequences of his plea. Ashley requires the trial court to confirm that the defendant is personally aware of the reasonable consequences of receiving a sentence as a habitual offender. See Ashley, 614 So.2d at 490. Hence, we must reverse for further proceedings regarding this allegation.
With respect to lack of notice, however, we affirm. Even if Brooks had alleged facts establishing the specific steps he would have taken to prepare a submission, see Judge v. State, 596 So.2d 73, 76 (Fla. 2d DCA), review denied, 613 So.2d 5 (Fla.1992), the plea transcript conclusively refutes his allegation that he did not have notice before entering his plea. We therefore affirm the denial of the motion on this ground.
Accordingly, we reverse and remand for further proceedings as to the allegation regarding failure to inform Brooks of the consequences of the plea. If the trial court again denies the motion, it must attach portions of the record or files that refute the allegation. If the record does not refute this allegation, the court should conduct an evi-dentiary hearing. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further appellate review.
Reversed and remanded.
DANAHY, A.C.J., and PARKER and LAZZARA, JJ., concur.