PER CURIAM.
Michael Akins appeals the summary denial of a postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). None of the grounds raised in the motion, except one, is reviewable under that rule. See Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), review denied, 613 So.2d 5 (Fla. 1992). The motion alleges that Mr. Akins did not have the requisite convictions for treatment as a habitual offender and the state never established a factual basis for his treatment as a habitual offender at his sentencing hearing. The record on appeal does not contain a presentence investigation report, which Mr. Akins alleges is attached to his motion and supports his claim. The trial court’s order denying relief recites that documents are attached, but no documents are attached. We have given the clerk of the trial court an opportunity to locate these missing attachments. The clerk filed a supplemental record containing a photocopy of an envelope that apparently seals the PSI, and a portion of a sentencing order, which the clerk describes as all of the documents attached to the trial court’s order. Our own records of Mr. Akins’ direct appeal establish that no sentencing issue was raised in that proceeding. Because the record does not conclusively establish that Mr. Akins is entitled to no relief on this issue, we reverse the order and remand for further proceedings.
On remand, if the trial court should summarily deny the motion again, it shall attach such portions of the record that conclusively refute Mr. Akins’ allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
Reversed and remanded.
RYDER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.