W. SHARP, Judge,
concurring specially.
I concur with an affirmance of the trial court’s summary denial of Denson’s motion filed pursuant to Florida Rules of Criminal Procedure 3.800(a) and 3.850(a). He argues in this proceeding that his habitual offender sentence is illegal because the state did not send him a second notice that it intended to “habitualize” him after an initial mistrial. In my view, Denson’s current motion should be denied because the grounds asserted are inappropriate for cognizance under a rule 3.800(a) motion.[1] And, to the extent Denson is attempting to raise questions about his habitual offender sentence, his motion pursuant to rule 3.850(a) is successive and improper.
Denson has already had a direct appeal to this court in which his conviction and habitual offender sentences were affirmed without opinion.[2] He later filed a rule 3.850(a) mo *531 tion, claiming ineffective assistance of counsel. The trial court held an evidentiary hearing and ruled against him. This court affirmed.[3] Next he filed a second rule 3.850 motion, claiming newly discovered evidence. The trial court summarily denied that motion. This court affirmed.[4]
In this latest 3.850(a) motion, his third, Denson claims his habitual offender sentence was illegal because of lack of notice problems. The trial judge found there was no reason why Denson could not have brought this claim in his prior rule 3.850(a) motions. Rule 3.850(f) provides that under these circumstances, successive motions may be dismissed as an abuse of procedure. Foster v. State, 614 So.2d 455, 458-59 (Fla.1992). That is what the trial judge did in this ease, and he was correct in so ruling.
Lately this court has received a flood of like appeals from denials of rule 3.850 motions, which seek to collaterally attack criminal judgments. Most movants are pro se, as is Denson, and they may not understand the finality of the process. The rule is that a defendant may not raise claims pursuant to rule 3.850 on a piecemeal basis. See Jones v. State, 591 So.2d 911, 913 (Fla.1991). In most cases, you only get one time at bat. Denson has had his.

. See Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), rev. denied, 613 So.2d 5 (Fla.1992) (rule 3.800(a) should not be used as a vehicle to reexamine whether the procedure employed to impose the punishment comported with statutory law and due process).

. Denson v. State, 621 So.2d 1087 (Fla. 5th DCA 1993).

. Denson v. State, 648 So.2d 739 (Fla. 5th DCA 1995).

. Id.