698 So.2d 551 (1997)
Joseph RICHARDSON, Jr., Appellant,
v.
STATE of Florida, Appellant.
Donald COHRON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 96-266, 96-1502.
District Court of Appeal of Florida, First District.
June 17, 1997.
Appellant Joseph Richardson, Jr., pro se.
Appellant Donald Cohron, pro se.
Robert A. Butterworth, Attorney General; Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Appellee.

EN BANC

CRIMINAL DIVISION
LAWRENCE, Judge.
The above cases involve the same issue and are consolidated for purposes of this appeal. Both appellants seek review of an order denying a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The sole issue presented is whether relief is available pursuant to rule 3.800(a)[1] for a claim based on Hale v. State, 630 So.2d 521 (Fla.1993),[2] when the sentence imposed does not exceed the maximum provided by law. We affirm.
Donald Cohron (Cohron) pleaded nolo contendere to two counts of aggravated assault, committed prior to March 26, 1990.[3] He was sentenced as an habitual felony offender to consecutive prison sentences of ten years on one count and six years on the second count. Cohron's sole allegation is that "since defendant's two convictions in Counts 1 and 2 arose from a single criminal episode, indeed from a single act, the sentences may not be imposed consecutively," citing Hale.
Joseph Richardson, Jr. (Richardson) also was sentenced as an habitual offender to *552 consecutive prison sentences of thirty years for possession of a firearm by a convicted felon and ten years on each of three counts of aggravated assault. Each of the offenses arose from a single criminal episode[4] committed prior to March 4, 1982.[5]
The maximum sentences provided by law at the time of the offenses were ten years for aggravated assault and thirty years for possession of a firearm by a convicted felon. Because the sentences of Cohron and Richardson did not exceed the maximum provided by law, their respective sentences are not illegal and they are not entitled to relief under rule 3.800(a).
The supreme court has consistently held that a sentence is not illegal within the meaning of rule 3.800(a), so long as it does not exceed the maximum period provided by law. In Davis v. State, 661 So.2d 1193, 1197 (Fla. 1995), the court said that "a departure sentence that is beyond the guidelines may be an erroneous sentence when written reasons are not properly filed, but it is not an illegal sentence when it is still within the maximum allowed by law." This decision was followed by Lee v. State, 679 So.2d 1158 (Fla.1996), wherein the trial judge failed to consider the defendant for classification as a youthful offender. In rejecting Lee's argument on his rule 3.800(a) motion that his prison sentence of 120 years exceeded that allowed for youthful offenders, the supreme court said:
Although Lee's sentence exceeds the maximum prescribed for youthful offenders, it does not exceed the maximum prescribed for second-degree murder.
Lee, 679 So.2d at 1160.
The supreme court, in State v. Callaway, 658 So.2d 983 (Fla.1995), considered whether a Hale claim could be raised in an unsworn motion pursuant to rule 3.800(a) either in lieu of a rule 3.850 motion or after the two-year time period for filing a rule 3.850 motion had expired. While the decision in Callaway put a Hale claim in proper perspective, its holding denying relief was arguably limited to the circumstances of that case wherein an evidentiary hearing was requested to determine the number of criminal episodes giving rise to the offenses. Nevertheless, the court's observation that "[t]he resolution of this issue hinges on whether a Hale sentencing error constitutes an `illegal' sentence within the meaning of rule 3.800(a)," id. at 987, provides insight and direction, because the court answered that question in the negative.
We are of the view that the holding in Callaway would have been the same had no evidentiary hearing been required to determine the number of criminal episodes, based upon the plain language of Davis and Lee. Any doubt is erased by the decision in King v. State, 681 So.2d 1136 (Fla.1996). Here, the supreme court declined to find as "illegal" a hybrid split sentence of incarceration under the guidelines followed by probation as an habitual offender, "unless the total sentence imposed exceeds the statutory maximum for the particular offense at issue." Id. at 1140. Thus, the court meant exactly what it said in Davis and Lee, and was consistent with Callaway, albeit for more restrictive reasons in the latter case. It is clear that it is the statutory maximum which is relevant is determining whether a sentence exceeds the "maximum provided by law," notwithstanding that there may be other provisions of law, which when properly applied, would reduce the penalty below that of the statutory maximum. A remedy for an erroneous sentence thus is not available under rule 3.800(a).[6]
Because Richardson's sentence for possession of a firearm by a convicted felon did not exceed thirty years, and no single sentence of the several sentences imposed for aggravated assault upon Cohron and Richardson exceeded ten years, these sentences are not illegal *553 and Cohron and Richardson are not entitled to relief pursuant to rule 3.800(a).
We accordingly affirm the judgments and sentences imposed upon Cohron and Richardson. We nevertheless certify the following question to the supreme court as one of great public importance:
ARE CONSECUTIVE HABITUAL FELONY OFFENDER SENTENCES FOR MULTIPLE OFFENSES ARISING FROM A SINGLE CRIMINAL EPISODE, PROSCRIBED BY HALE v. STATE, 630 So.2d 521 (Fla.1993), ILLEGAL WITHIN THE MEANING OF RULE 3.800(a), WHEN NO SINGLE SENTENCE EXCEEDS THE STATUTORY MAXIMUM PROVIDED BY LAW?
Affirmed and question certified.
MINER, WEBSTER and MICKLE, JJ., concur.
ALLEN, J., concurs and dissents with opinion in which PADOVANO, J., concurs.
ALLEN, Judge, concurring in part and dissenting in part.
The majority necessarily first concludes that sentences in excess of the limits of statutes may be "illegal," but that sentences in excess of the limits of the state and federal constitutions are not. Then, by ignoring the statutory and factual contexts of the sentences involved in the present cases, the majority concludes that these sentences are not in excess of the statutory maximums and therefore not illegal. Although I join in certifying the question set forth in the majority opinion, I dissent from the majority's affirmance of the trial court orders in these cases.
Davis and Callaway, and Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), which was discussed in Callaway, indicate that an "illegal sentence" remediable under rule 3.800(a) is a sentence not authorized by law, without regard to the guidelines or mere procedural irregularities, which is determinable simply from an examination of the court records concerning the adjudicated offense and the resulting sentence. Davis and Callaway specifically indicated that, in order to be "illegal," a sentence must be "one that exceeds the maximum period set forth by law for a particular offense."
In Callaway, the supreme court essentially adopted the discussion from Judge which recognized that there are three types of sentencing errors: (1) an "erroneous sentence" which is correctable on direct appeal; (2) an "unlawful sentence" which is correctable only after an evidentiary hearing under rule 3.850; and (3) an "illegal sentence" in which the error must be corrected as a matter of law in a rule 3.800(a) proceeding. Except for its indication that no evidentiary determination will be permitted in connection with a 3.800(a) motion, the Callaway court appeared to fully adopt the Judge definition of "illegal sentence." See Fountain v. State, 660 So.2d 376 (Fla. 4th DCA 1995).
Judge explained that an "illegal sentence" correctable under rule 3.800(a) exists where a penalty has been imposed "that is simply not authorized by law." It further pointed out that a sentence is not "illegal" merely because the procedure employed to impose the punishment might have failed to comport with statutory law and due process. And finally, it explained that a sentence will be illegal only if its illegality can be determined without a lengthy evidentiary hearing.
Lee was merely an application of Davis and Callaway. The specific deficiency involved in Lee was a failure to consider the statutory option of imposing a discretionary youthful offender sentence. In holding that this deficiency did not make the sentence imposed "illegal," the supreme court applied one of the principles articulated in Judge and adopted in Callaway that a sentence will not be illegal merely because the procedure employed to impose the punishment failed to comply with statutory requirements.
When Davis and Callaway referred to an illegal sentence as "one that exceeds the maximum period set forth by law for a particular offense," this did not require a limitation of the term "illegal sentence" to a sentence in excess of a statutory maximum. Depending upon the particular circumstances involved, the "law" might "set forth" numerous limitations upon the maximum period for *554 which a particular defendant might be sentenced. A statutory maximum is only one such limitation. And Judge, which was followed in Callaway, indicated that a sentence in excess of the statutory maximum is merely an "example" of one type of sentence that would be considered "illegal" and therefore remediable under rule 3.800(a).
Because Callaway apparently adopted the Judge definition of "illegal sentence," it follows that sentences which are excessive under the constitution would be remediable under rule 3.800(a), so long as the unconstitutionality of the sentence is apparent from the face of the trial court record. There is no apparent justification for cutting off all challenges to an unconstitutional sentence filed more than two years after judgment and sentence become final. There are valid reasons for time limitations upon challenges that could only be proven through evidentiary hearings. Material witnesses die or move away, and memories fade. But where a constitutional claim may be proven by a simple review of the trial court file, these concerns are not present.
The appellants in the present cases assert Hale claims. The analysis under Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), set forth in Callaway makes it clear that sentences proscribed by Hale violate due process and liberty rights, and are therefore excessive under the constitution. Accordingly, the sentences described in the appellants' motions in the present cases would be remediable under Davis and Callaway as discussed above, so long as the trial court records confirm the appellants' assertions.
The majority nevertheless concludes that it makes no difference that the trial court files in the present cases might plainly reveal that the appellants are imprisoned pursuant to sentences which violate the organic law of our state and nation. The majority holds that no constitutional challenge to the appellants' sentences may be asserted, and that they may only be heard to complain that their sentences exceed the statutory maximums for the crimes of which they stand convicted. The majority therefore concludes that sentences in excess of the maximum period permitted by the statutes may be illegal while sentences which are merely in excess of the maximum period permitted by the constitution are not.
Although the language from King which is quoted in the majority opinion might appear to lend support to the majority view, it does not clearly preclude constitutional challenges under rule 3.800(a). Accordingly, until the supreme court more precisely expresses its ruling on this question, constitutional challenges should remain viable under the rule.
Even under the majority's interpretation of Davis and Callaway, the sentences described by the appellants in the present cases are "illegal" because they are in excess of the maximum sentences permitted by the statutes. In light of Hale, there is no statutory authority for the sixty-year habitual offender sentence described in Richardson's motion or for the sixteen-year habitual offender sentence described in Cohron's motion.
The majority nevertheless affirms the trial court's denial of the appellants' claims by looking only at the individual sentence for each crime involved and by ignoring the relationship of the sentences to one another as well as the overall sentences. This myopic approach to determining whether a sentence exceeds the maximum term authorized by the statutes is unwarranted.
Because the sentences described in the appellants' motions in the present cases exceeded both the constitutional and statutory maximums for the appellants' crimes, I would reverse the trial court order in each of the cases and remand each case to the trial court. I would direct that on remand relief should be granted as to claims confirmed by the trial court records.
NOTES
[1] No consideration was given to whether either of the motions was viable under rule 3.850, as neither was under oath or otherwise qualified under rule 3.850.
[2] Hale holds that a defendant, who has been sentenced as an habitual felony offender for two or more offenses arising out of a single criminal episode, may not have his sentences further enhanced by ordering that the sentences run consecutively.
[3] The exact date of the offenses is not reflected in the record, but Cohron alleges that he was sentenced on this date.
[4] We determined, in Richardson v. State, 500 So.2d 637 (Fla. lst DCA 1986), that the consecutive minimum mandatory portions of Richardson's sentences should run concurrently, pursuant to Palmer v. State, 438 So.2d 1 (Fla.1983).
[5] The record does not reflect the exact date on which the offenses were committed. However, the opinion in Richardson's previous appeal in this case, Richardson v. State, 410 So.2d 632 (Fla. lst DCA 1982), was rendered on this date.
[6] The rule itself of course provides for relief from an incorrect calculation in a sentencing guideline scoresheet.