788 So.2d 1073 (2001)
John Thomas SCHNEIDER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4712.
District Court of Appeal of Florida, Second District.
May 25, 2001.
Rehearing Denied June 28, 2001.
*1074 PATTERSON, Chief Judge.
John Schneider was on community control as a youthful offender when he committed several new offenses. He filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) challenging the sentence imposed upon him following the revocation of his community control and the sentences imposed for the new offenses. He appeals from the trial court's order which denies his motion. We affirm in part and reverse in part.
Schneider committed an attempted sexual battery in December 1984. In that case, number 85-426, the trial court adjudicated him guilty and sentenced him as a youthful offender to four years in state prison followed by two years of community control. In April 1990, Schneider violated his community control by committing several new offenses, and the trial court sentenced him to thirty years in state prison for the attempted sexual battery.
As for the new offenses, the trial court sentenced Schneider in case number 90-998 as follows: count I, sexual battery, life to run concurrently with case number 85-426; count II, armed burglary, life as a habitual violent felony offender to be served consecutively to count I; count III, *1075 armed kidnaping, life to run concurrently with count I; and count IV, armed robbery, life as a habitual violent felony offender to be served consecutively to count II. Schneider was also sentenced for dealing in stolen property in a separate case, number 90-250, to thirty years as a habitual violent felony offender to be served consecutively to case number 90-998.
Schneider argues that the trial court erred in sentencing him as a habitual violent felony offender in case numbers 90-998 and 90-250. He argues that under section 775.084(2), Florida Statutes (1989),[1] his youthful offender sentence in case number 85-426 could not be used as a predicate offense because he was on community control rather than on probation when he committed the new offenses, citing Overstreet v. State, 629 So.2d 125 (Fla. 1993) (holding that when adjudication is withheld and a defendant is placed on community control, such offense cannot be considered a prior conviction for purposes of habitual offender sentencing), and May v. State, 713 So.2d 1087 (Fla. 2d DCA 1998) (same). Here, Schneider was adjudicated guilty of the offense, unlike the defendants in those cases. Therefore, the trial court correctly found that that the attempted sexual battery could serve as a predicate offense for violent habitual offender sentencing. § 775.084(1)(b)1, Fla. Stat. (1989).
Schneider also argues that upon the revocation of his community control in case number 85-426, he should have been sentenced to no more than six years in prison as a youthful offender under section 958.14, Florida Statutes (1989). The trial court agreed with Schneider's argument, but it denied relief on this claim on the ground that Schneider should have raised this issue on direct appeal, citing Lee v. State, 679 So.2d 1158 (Fla.1996). However, Lee is distinguishable from this case. In Lee, the issue was whether the trial court should have sentenced Lee as a youthful offender. Here, the trial court did originally sentence Schneider as a youthful offender.
A sentence which patently fails to comply with statutory or constitutional limits is illegal and can be challenged under rule 3.800(a) if the error is discernable from the face of the record. See Kelly v. State, 739 So.2d 1164 (Fla. 5th DCA 1999). Whether Schneider received a legal sentence is discernable from the record; therefore, the issue can be raised under rule 3.800(a).
Before 1985 and after 1990, a trial court could impose an adult sanction on a youthful offender who violated community control by committing new substantive offenses. See § 958.14, Fla. Stat. (1983 & 1991); Willis v. State, 744 So.2d 1265 (Fla. 1st DCA 1999). Because Schneider committed five new substantive offenses while on community control, the trial court imposed a thirty-year sentence. However, the version of section 958.14 in effect at the time Schneider violated his community control permitted a maximum sentence of only six years in prison. See § 958.14, Fla. Stat. (1989); Buckle v. State, 528 So.2d 1285 (Fla. 2d DCA 1988) (holding that the 1985 version of the statute applied to a defendant who was originally sentenced as a youthful offender prior to the effective date of the statute, but who violated probation after the effective date). Therefore, we reverse the denial of the *1076 motion as to this issue and remand for the trial court to sentence Schneider as a youthful offender in case number 85-426 to no more than six years.
Schneider also correctly argues that his guidelines scoresheet was improperly calculated for the attempted sexual battery because it was scored as a first-degree felony, rather than as a second-degree felony. Attempted sexual battery by a person under eighteen years old on a person less than twelve years old is a second-degree felony. See §§ 794.011(2), 777.04(4)(b), Fla. Stat. (1983). For this reason, Schneider must be resentenced under a revised scoresheet for counts I and III[2] in case number 90-998. The score-sheet must be the version which was in effect on the date the offenses were committed. Wilkerson v. State, 513 So.2d 664 (Fla.1987).
Schneider also argues that points for victim injury were erroneously included on his scoresheet. However, this issue requires a factual inquiry and is not properly raised on a rule 3.800(a) motion. See Holland v. State, 672 So.2d 566 (Fla. 5th DCA 1996).
Finally, Schneider argues that, although the trial court granted him jail credit for counts I and III of case number 90-998, the trial court erred in failing to grant him jail credit for counts II and IV. However, a defendant is not entitled to jail time on consecutive sentences. See Daniels v. State, 491 So.2d 543 (Fla.1986). Therefore, the trial court did not err in denying relief on this issue.
In sum, we affirm in part and reverse in part the trial court's order and remand for reconsideration of Schneider's sentences. In case number 85-426, Schneider must be sentenced as a youthful offender to no more than six years. In case number case 90-998, Schneider must be resentenced under a revised scoresheet for counts I and III. We find no error in the sentences imposed in case number 90-250 and the sentences imposed for counts II and IV in case number 90-998.
Affirmed in part, reversed in part, and remanded.
BLUE and FULMER, JJ., Concur.
NOTES
[1] Section 775.084(2), Florida Statutes (1989), states: "For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period."
[2] These are the only offenses requiring the imposition of a guidelines sentence.