830 So.2d 141 (2002)
Michael Antoine EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2271.
District Court of Appeal of Florida, Fifth District.
September 27, 2002.
Rehearing Denied November 15, 2002.
Michael Antoine Edwards, Wewahitchka, pro se.
No Appearance for Appellee.
SHARP, W., J.
Edwards appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), which sought to correct illegal sentences. The trial judge sentenced Edwards to seventeen years in prison in case number 00-2710, in which Edwards was convicted of robbery with a deadly weapon.[1] On the same day in case number 00-4233, the trial court sentenced Edwards to five years probation for another robbery with a deadly weapon conviction, to run consecutively to the sentence in case number 00-2710. Edwards argues that both of his sentences are illegal because he was a juvenile at the *142 time he committed these offenses and he should have been sentenced as a youthful offender.[2]
Whether to classify an eligible defendant as a youthful offender or to sentence an eligible juvenile who was prosecuted as an adult, to a youthful offender program, are discretionary decisions to be made by of the trial court. Failure to sentence a defendant as a youthful offender does not result in an illegal sentence. The issues of whether the trial court erred in refusing to consider the appropriateness of a youthful offender sentence in this case, or erred in concluding that defendant did not qualify as a youthful offender, are matters that could have and should have been raised on direct appeal.[3] They are not cognizable in a rule 3.800(a) proceeding. See Lee v. State, 679 So.2d 1158 (Fla.1996).
AFFIRMED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] § 812.13(1) and (2)(a), Fla. Stat. (2001).
[2] See generally, § 958.04(2)(c), Fla. Stat. (2001).
[3] See generally, § 958.04(1), Fla. Stat. (2001) (criteria for determining whether a defendant may be classified as a youthful offender).