PER CURIAM.
Appellant, John Overstreet, appeals a five-year sentence as an habitual violent felony offender, after entry of his nolo contendere plea to the reduced charge of aggravated assault. The issue in this case concerns the propriety of imposing an habitual violent felony offender sentence based upon prior felony offenses for which adjudication was withheld. We affirm, but certify the question to the Florida Supreme Court as a question of great public importance. See Fla.R.App.P. 9.030(a)(2)(A)(v).
Appellant committed the offense which gave rise to this appeal while he was incarcerated at Okaloosa Correctional Institution for three 1990 cases, involving multiple felony offenses. Adjudication was withheld with respect to the 1990 offenses, and appellant was sentenced as a youthful offender to four years in the custody of the Department of Corrections boot camp program, to be followed by a two-year probationary period. Appellant was serving the incarcerative portion of his youthful offender sentence when he committed the offense in the instant case. Initially, appellant was charged with the aggravated battery of another inmate. Thereafter, he entered into a written plea agreement whereby he pled nolo contendere to the reduced charge of aggravated assault, in return for the state’s agreement to recommend a five-year cap on the habitual violent offender sentence sought by the state.
At sentencing, the state introduced certified copies of the 1990 cases as the predicate for sentence as an habitual violent felony offender. It is appellant’s position that since adjudication was withheld with respect to the 1990 offenses, the enumerated cases are not relevant to an habitual felony offender classification. The state relies upon section 775.084(2), Florida Statutes, which provides that probation without adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which the defendant is being sentenced *1263 was committed during the probationary period.[1] In this vein, the state urges that because appellant committed the instant crime while still serving the incarcerative portion of his split sentence as a youthful offender, the offenses for which appellant previously was incarcerated qualified him as an habitual felon.
In the circumstances of this case, a literal interpretation of section 775.084(2) would permit appellant to evade classification as an habitual felon because he was incarcerated with adjudication withheld when he committed the instant felony, as opposed to being on probation when he committed the felony. The language of section 775.084(2) evinces legislative intent that an offender ought not evade classification as an habitual felon by virtue of a withheld adjudication, when he or she commits a subsequent felony while on probation. We conclude the same result should obtain for commission of a felony while serving the incarcera-tive portion of a split sentence imposed upon offenses for which adjudication was withheld.
Nevertheless, because the circumstances surrounding the sentencing disposition in this case are not addressed expressly by section 775.084(2), we certify the following as a question of great public importance:
PURSUANT TO SECTION 775.084(2), FLORIDA STATUTES, WHEN ADJUDICATION IS WITHHELD AND A DEFENDANT SENTENCED AS A YOUTHFUL OFFENDER TO INCARCERATION FOLLOWED BY PROBATION SUBSEQUENTLY COMMITS A FELONY WHILE INCARCERATED FOR THE PRIOR OFFENSES, CAN THE PRIOR OFFENSES INVOLVING WITHHELD ADJUDICATION BE TREATED AS PRIOR CONVICTIONS FOR PURPOSES OF HABITUAL FELONY OFFENDER SENTENCING?
Appellant’s sentence as an habitual violent felony offender is affirmed.
JOANOS, C.J., and BARFIELD and WOLF, JJ., concur.

. § 775.084(2), Fla.Stat. (1989), provides:
(2) For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period.