629 So.2d 125 (1993)
John OVERSTREET, Petitioner,
v.
STATE of Florida, Respondent.
No. 81445.
Supreme Court of Florida.
December 16, 1993.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Crim. Appeals, Sr. Asst. Atty. Gen., and Joe S. Garwood, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We review Overstreet v. State, 611 So.2d 1262, 1263 (Fla. 1st DCA 1992), in which the district court certified the following question to be of great public importance:
PURSUANT TO SECTION 775.084(2), FLORIDA STATUTES, WHEN ADJUDICATION IS WITHHELD AND A DEFENDANT SENTENCED AS A YOUTHFUL OFFENDER TO INCARCERATION FOLLOWED BY PROBATION SUBSEQUENTLY COMMITS A FELONY WHILE INCARCERATED FOR THE PRIOR OFFENSES, CAN THE PRIOR OFFENSES INVOLVING WITHHELD ADJUDICATION BE TREATED AS PRIOR CONVICTIONS FOR PURPOSES OF HABITUAL FELONY OFFENDER SENTENCING?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution and answer the question in the negative.
Overstreet committed the instant offense while incarcerated for three 1990 cases, involving multiple felony offenses. The court withheld adjudication on each of the 1990 offenses and sentenced Overstreet as a youthful offender to four years in the Department of Corrections boot camp, to be followed by a two-year probationary period. While he was in boot camp, the State charged Overstreet with aggravated battery on another inmate, and he pled nolo contendere to the reduced charge of aggravated assault. During sentencing, the State introduced copies of the 1990 offenses (in which adjudication was withheld) to establish the predicate for his being sentenced as an habitual violent felony offender. The trial court treated the 1990 offenses as convictions and sentenced Overstreet to a five-year term as an habitual offender, and the district court affirmed.
In construing subsection 775.084(2), Florida Statutes (1991), we must bear in mind that penal statutes are to be strictly construed in a manner most favorable to the accused. Perkins v. State, 576 So.2d 1310 (Fla. 1991). The State concedes that a literal reading of subsection 775.084(2) would not include offenses committed during the incarcerative *126 portion of a sentence.[1] Nevertheless, the State contends that the legislature intended to include those individuals who commit a felony before their term of incarceration, community control, or any other sentence has expired and that a literal reading of the section contravenes legislative intent and public policy. We disagree.
Legislative intent must be determined primarily from the language of the statute. S.R.G. Corp. v. Department of Revenue, 365 So.2d 687 (Fla. 1978). The legislature is assumed to know the meaning of the words in the statute and to have expressed its intent by the use of those words. In the instant case, the plain language of subsection 775.084(2) includes only those offenses occurring while on probation, and nothing in the statute indicates any legislative intent to the contrary. We decline to add words to a statute where, as in this case, the language is clear and unambiguous. "It is a settled rule of statutory construction that unambiguous language is not subject to judicial construction, however wise it may seem to alter the plain language." State v. Jett, 626 So.2d 691 (Fla. 1993). If the legislature did not intend the results mandated by the statute's plain language, then the appropriate remedy is for it to amend the statute.
Therefore, we answer the certified question in the negative and quash the decision of the district court.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., dissents with an opinion.
McDONALD, Justice, dissenting.
While the majority correctly points out that clear and unambiguous statutes are not subject to judicial construction, it is also true that a statute should not be interpreted literally when to do so would lead to an unreasonable conclusion or to a purpose not intended by the legislature. See Williams v. State, 492 So.2d 1051 (Fla. 1986); Holly v. Auld, 450 So.2d 217 (Fla. 1984); Johnson v. Presbyterian Homes of Synod of Florida, Inc., 239 So.2d 256 (Fla. 1970). In determining legislative intent, a statute "should not be considered in isolation and without reference to other statutes," Panama City Airport Board v. Laird, 90 So.2d 616, 619 (Fla. 1956), but should be construed with other statutes relating to the same subject matter. Florida Jai Alai, Inc. v. Lake Howell Water & Reclamation Dist., 274 So.2d 522 (Fla. 1973).
In the instant case, "a literal interpretation of [sub]section 775.084(2) would permit [Overstreet] to evade classification as an habitual felon because he was incarcerated with adjudication withheld when he committed the instant felony, as opposed to being on probation when he committed the felony." Overstreet v. State, 611 So.2d 1262, 1263 (Fla. 1st DCA 1992). The legislature did not intend such a result. Rather, the intended purpose of subsection 775.084(2) was to prevent all recipients of withheld adjudication from utilizing that benefit if they commit subsequent offenses while under any form of government control. The reason subsection 775.084(2) includes only offenses committed during probation is because in 1971, when the modern form of subsection 775.084(2) was enacted, adjudication could be withheld only when the offender was placed on probation. Thus, at that time the legislature had no reason for expanding the scope of subsection 775.084(2) beyond probation.
However, in 1978 the legislature enacted the youthful offender statute, chapter 958, Florida Statutes, and created the unusual situation in which an individual could have adjudication withheld but still be sentenced to a period of incarceration.[2] Obviously, this expanded the possible situations in which adjudication could be withheld, and the legislature's failure to update subsection 775.084(2) *127 after the creation of the youthful offender statute was merely an oversight. Indeed, it would make little sense to apply subsection 775.084(2) in a manner so as to classify those who commit crimes during their probationary period as habitual felons, while at the same time allowing those who commit crimes while incarcerated, but before their probationary period begins, to evade the consequences of the subsection. See Williams (statutes should not be construed literally where exact requirement of statute exalts form over substance and produces absurd results contrary to public policy).
Accordingly, I would answer the certified question in the affirmative and approve the decision of the district court.
NOTES
[1] Subsection 775.084(2) reads: "For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period."
[2] In the instant case, adjudication was originally withheld even though Overstreet was sentenced under the youthful offender statute to a four-year period of incarceration, followed by a two-year probationary period.