BLUE, Judge.
Tyrone Taylor appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse.
Taylor alleges that the prior felonies used to enhance his sentence were insufficient to support his sentence as a habitual offender. If true, his sentence would be illegal. See Judge v. State, 596 So.2d 73 (Fla. 2d DCA), review denied 613 So.2d 5 (Fla.1992) (habitual offender sentence is illegal if prior offense necessary to qualify defendant as habitual offender does not exist). Specifically, he contends the prior felonies were cases in which he was sentenced as a youthful offender and adjudication was withheld. The Florida Supreme Court recently held that such offenses may not be treated as prior offenses for purposes of habitual felony offender sentencing. Overstreet v. State, 629 So.2d 125 (Fla.1993).
The trial court denied the motion without reaching its merits. Therefore, we are un *189 able to determine whether Taylor’s sentence as a habitual offender is in fact illegal. Accordingly, we reverse and remand for further proceedings. If the trial court again denies the motion, it should attach portions of the records and files which refute Taylor’s allegations.
THREADGILL, A.C.J., and FULMER, J., concur.