651 So.2d 1218 (1995)
Edward Taylon SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01895.
District Court of Appeal of Florida, Second District.
March 1, 1995.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, Edward Taylon Smith, challenges his conviction and sentence for grand theft and dealing in stolen property. After his conviction, the trial judge "merged" the grand theft conviction with the charge of dealing in stolen property, adjudicated appellant guilty and sentenced appellant to twelve years in prison as a habitual offender. We find no merit in the issues he raises regarding his conviction for stealing and selling video machines.
We do, however, find merit in appellant's argument that he should not have been sentenced as a habitual offender since the trial court failed to make the required specific findings pursuant to section 775.084(3)(d), Florida Statutes (1991). Appellant also contends that he was on community control for a prior 1982 conviction in which adjudication of guilt was withheld. As such, he argues that the conviction should not have been considered for purposes of habitualization since he was not on probation as specified in section 775.084(2).
We agree that the trial court failed to make the required findings to sentence appellant as a habitual offender. After the state presented evidence of appellant's prior convictions, the trial court merely stated that appellant qualified as a habitual offender. This does not satisfy the statutory requirement for specific findings. See Livernois v. State, 625 So.2d 973 (Fla. 2d DCA 1993).
The trial court also found that the intent of the habitual offender statute is that probation and community control are to be treated synonymously. In Overstreet v. State, 629 So.2d 125 (Fla. 1993), the supreme court stated that penal statutes are to be *1219 strictly construed in favor of the accused. The court also stated that the plain language of the statute includes only those offenses occurring while on probation, and that the court would decline to add words to a statute where the language is clear and unambiguous. Therefore, we agree that the trial court should not have considered appellant's 1982 conviction since he was on community control and not probation when the instant offense was committed. Upon remand, the trial court may sentence appellant as a habitual offender after making the requisite findings if such factors are present.
Finally, we agree that the state failed to present sufficient, competent evidence of the amount of restitution. The state failed to introduce receipts or inventories for the items and simply stated that the amount of restitution was stated in the PSI. This is not sufficient and requires reversal of the restitution order. The trial court may hold another hearing where the state can present competent evidence of the victims' loss. See Winborn v. State, 625 So.2d 977 (Fla. 2d DCA 1993).
Appellant's convictions are affirmed, but his sentences are reversed and remanded for treatment consistent herewith.
CAMPBELL, A.C.J., and ALTENBERND and QUINCE, JJ., concur.