672 So.2d 822 (1995)
Ronald DESTRA a/k/a Ronald Destar, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1672.
District Court of Appeal of Florida, Third District.
May 17, 1995.
Bennett H. Brummer, Public Defender and Samek & Besser and Lawrence E. Besser, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Linda S. Katz, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.

CONFESSION OF ERROR
PER CURIAM.
The sole issue on this appeal involves the appellant's sentence as a habitual violent felony offender. The crimes of which he was convicted in this case occurred while Destra was on community control, after adjudication was withheld, for a previous offense. He argues, and the state concedes, that Overstreet v. State, 629 So.2d 125 (Fla.1993), requires reversal of the sentence. We agree. In Overstreet, the Supreme Court specifically held that section 775.084(2), Florida Statutes (1991), which provides that "placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction" for habitual sentencing purposes, does not apply when the defendant is actually incarcerated at the time of the subsequent offense. Since actual imprisonment presents an a fortiori situation to community control, Overstreet plainly controls. Smith v. State, 651 So.2d 1218 (Fla. 2d DCA 1995). Accordingly, the habitual violent felony offender sentence is reversed and the cause remanded for resentencing. The convictions are affirmed.