713 So.2d 1087 (1998)
Joseph MAY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00889.
District Court of Appeal of Florida, Second District.
July 17, 1998.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Joseph May, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
The public defender filed an Anders[1] brief, stating he found no meritorious grounds to support reversal of Joseph May's conviction or sentence. May then filed a pro se brief, contesting his habitual offender sentence and the voluntary nature of his guilty plea. Finding no merit in May's challenge to the plea, we affirm his conviction. But we agree that the court erred in sentencing him as a habitual felony offender. We reverse the sentence, and remand for further proceedings.
On January 22, 1996, the court sentenced May to ten years' imprisonment as a habitual offender in circuit court case number 95-09259, based on May's plea of guilty to grand theft.[2] May did not stipulate that he qualified as a habitual felony offender, so the State was required to prove that he had been convicted of two or more felonies that were sentenced separately from each other. See § 775.084(1)(a)1., (5), Fla. Stat. (1995).
In the first case the State submitted, circuit court case number 93-14209, the judge withheld adjudication in February 1994, and placed May on two years' community control. The following year, on February 23, 1995, the court adjudicated May guilty in that case, based on his violation of community control. At the same time, the court adjudicated May guilty of new offenses in circuit court case number 94-16021. This was the second conviction the State introduced to prove that May qualified as a habitual felony offender in the case before us, number 95-09259. On their faces, these two convictions seem not to satisfy the section 775.084(5) requirement that the convictions be sentenced separately. In fact, in January 1995 May entered into a single plea agreement that resolved both cases.
At the sentencing hearing, the State argued that the crimes were sentenced separately *1088 based on the original disposition of case number 93-14029 in February 1994. Section 775.084(2), Florida Statutes (1995), addresses when a withheld adjudication can be used as a predicate offense for habitual offender treatment:
(2) For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period.
Previous decisions have construed this subsection narrowly, and determined that because it specifically references "probation" and a "probationary period," it does not apply to a defendant serving community control. See Smith v. State, 651 So.2d 1218 (Fla. 2d DCA 1995); see also Destra v. State, 672 So.2d 822 (Fla. 3d DCA 1995); Allen v. State, 654 So.2d 1027 (Fla. 1st DCA 1995). Consequently, the February 1994 disposition of case number 93-14209, in which the court withheld adjudication and placed May on community control, cannot be treated as a prior conviction under section 775.084. For habitual offender purposes, the date of conviction in that case was February 23, 1995, the same date as the conviction in case number 94-16021. That being so, these two convictions were insufficient to support a habitual offender sentence because they were not sentenced separately. § 775.084(5).
We reverse May's sentence in circuit court case number 95-09259 and remand for resentencing. Because May's counsel failed to object to the habitual offender sentence on the ground that the convictions were not sentenced separately, we permit the State on remand to again seek habitual offender treatment, using other convictions, if they exist. See Lowenthal v. State, 699 So.2d 319 (Fla. 2d DCA 1997).
Affirmed in part, reversed and remanded for resentencing.
PARKER, C.J., and RONDOLINO, ANTHONY, Associate Judge, concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] The court also sentenced May for violation of community control and probation in circuit court case numbers 93-14209 and 94-16201. Those sentences were not challenged on appeal, and are not affected by our decision.