795 So.2d 1085 (2001)
Frederick Jerome JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-669.
District Court of Appeal of Florida, Second District.
September 21, 2001.
*1086 NORTHCUTT, Judge.
Frederick Jerome Johnson appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He states that he was sentenced to twenty years in prison as a habitual violent felony offender for his conviction of armed robbery, with a minimum sentence of fifteen years. The habitual violent felony offender sentence is illegal, Johnson claims, because he did not have prior convictions that qualified as predicate offenses for purposes of enhancement under section 775.084, Florida Statutes (1995). Based on the record before us, we reverse.
In his motion, Johnson asserted that at the time of his sentence in the instant case he had prior convictions in case numbers 92-16163, 92-17139 and 93-1524. He stated that he received sentences of community control for those prior offenses and that adjudication was withheld. He further alleged that at the time of the instant offense he was still on community control on those charges. Consequently, he claimed the trial court improperly enhanced his sentence in reliance on those convictions. See Smith v. State, 651 So.2d 1218 (Fla. 2d DCA 1995) (stating although prior convictions for which offender is on probation at time of new offense can be used for enhancement, prior convictions where adjudication was withheld and offender is on community control cannot).[1]
Although the circuit court attached portions of the record to its order denying Johnson's motion, the record attachments do not conclusively refute his claim. The circuit court reasoned that Johnson's motion lacked merit because he was not on community control for the new armed robbery conviction. But Johnson's claim turns on the status of the prior convictions used for enhancement, not the status of the new offense for which he received the enhanced sentence. See id. Because Johnson stated a facially sufficient claim, we reverse and remand with directions to determine whether the record supports his allegation. If so, the court shall resentence Johnson accordingly; if not, the court shall attach to its order portions of the record that refute Johnson's claim.
Reversed and remanded.
PARKER, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] Section 775.084(2), Florida Statutes (2000), now treats as prior convictions offenses for which the offender was placed on community control and adjudication was withheld.