PER CURIAM.
The appellant challenges the summary denial of his motion to correct illegal sentence in which he alleged that he did not have the qualifying predicate offenses required to be sentenced as a habitual felony offender. The trial court denied the motion as not cognizable under Florida Rule of Criminal Procedure 3.800(a). However, such a claim is cognizable on a motion to correct an illegal sentence if it is apparent from the face of the record that the requisite predicate felonies essential to qualify a defendant for habitualization do not exist as a matter of law. See Bover v. State, 797 So.2d 1246 (Fla.2001). We therefore reverse and remand for the trial court to consider whether it is apparent from the face of the record that appellant did not have the requisite predicate felonies as a matter of law. See Johnson v. State, 795 So.2d 1085 (Fla. 2d DCA 2001); Smith v. State, 651 So.2d 1218 (Fla. 2d DCA 1995); Overstreet v. State, 629 So.2d 125 (Fla.1993).
BOOTH, MINER, KAHN, JJ., concur.