808 So.2d 1288 (2002)
Alexander SUAREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2059.
District Court of Appeal of Florida, Third District.
March 13, 2002.
*1289 Alexander Suarez, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before LEVY, GERSTEN and GODERICH, JJ.

CONFESSION OF ERROR
PER CURIAM.
The defendant, Alexander Suarez, appeals from the denial of his motion to correct illegal sentence pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. We reverse based on the State's proper confession of error.
First, the State notes that at the time that the trial court ruled that the motion was procedurally barred because the defendant's challenges to his habitual offender sentences should have been brought pursuant to rule 3.850, it did not have the benefit of Bover v. State, 797 So.2d 1246, 1251 (Fla.2001)("[T]he adjudication of a defendant as a habitual offender when the requisite sequential felonies do not exist may be corrected as an illegal sentence pursuant to rule 3.800(a) so long as the error is apparent from the face of the record.").
Next, the State concedes that the trial court erred in ruling that the appellant's motion was successive because he did not raise this particular challenge to the habitualization of his sentence on direct appeal.
Lastly, the State agrees with the defendant that case number 91-3586 does not qualify as a prior conviction under section 775.084(2), Florida Statutes (1991), because the defendant was serving community control, not probation, following a withhold of adjudication when he committed the offenses in case numbers 92-10836 and 92-15322. Overstreet v. State, 629 So.2d 125 (Fla.1993); May v. State, 713 So.2d 1087, 1088 (Fla. 2d DCA 1998); Destra v. State, 672 So.2d 822 (Fla. 3d DCA 1995). Further, the appellant was not adjudicated guilty in 91-3586 until after he was found guilty in 92-10836. See Schneider v. State, 788 So.2d 1073, 1074 (Fla. 2d DCA 2001)(holding that habitual violent offender sentence was proper where the defendant was on community control in a prior case when he committed the instant offenses because he had been adjudicated guilty in the prior case, unlike the defendants in Overstreet and May).
For these reasons, this case is remanded for resentencing in case numbers 92-10836 and 92-15322. However, because the defendant failed to object to the habitual offender sentences on the basis that he lacked the requisite prior sequential convictions at the time they were imposed, on remand, the State may again seek habitual offender treatment using other prior convictions, if they exist, or alternatively, seek an upward departure from the sentencing guidelines as was originally sought. Bover, 797 So.2d at 1251; May, 713 So.2d at 1088.
Reversed and remanded for resentencing.