829 So.2d 388 (2002)
Lemon BENTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2004.
District Court of Appeal of Florida, Third District.
November 6, 2002.
Lemon Benton, in proper person.
Robert A. Butterworth, Attorney General, and Steven R. Parrish, Assistant Attorney General, for appellee.
Before JORGENSON, FLETCHER, and RAMIREZ, JJ.
RAMIREZ, J.
Lemon Benton appeals the denial of his motion to correct illegal sentence pursuant to rule 3.800, Florida Rules of Criminal Procedure. We reverse because Benton's prior offenses for which the court withheld adjudication cannot be treated as prior convictions for purposes of habitual felony offender sentencing.
On November 4, 1996, appellee State of Florida charged Benton with robbery using a deadly weapon or firearm and aggravated assault with a firearm. Benton entered a plea of nolo contendere. The trial court withheld adjudication and placed Benton on community control for two years to be followed by three years probation.
On November 7, 1997, the State charged Benton with armed robbery, assault on a law enforcement officer, and resisting an officer with violence. A jury subsequently convicted Benton as charged.
*389 Benton pled guilty to having violated his community control in the 1996 case. The trial court then sentenced Benton to six and one half years of incarceration for the 1996 charges.
At the sentencing hearing on November 17, 1999 for the 1997 charges, the trial court sentenced Benton to a term of life imprisonment as a habitual violent felony offender for the armed robbery count, and five years on the remaining two counts of assault and resisting arrest to run concurrent to the sentence for the robbery count.
Benton filed a direct appeal from his judgment of conviction and sentence in both the 1996 and 1997 cases. This Court affirmed the conviction and sentence in both cases on July 26, 2000.[1] On October 31, 2001, this Court also affirmed the denial of Benton's motion for post-conviction relief filed in the 1997 case in which he raised various ineffective assistance of counsel claims.[2]
In his motion to correct illegal sentence pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, Benton argued that the trial court improperly sentenced him as a habitual felony offender under section 775.084(2), Florida Statutes (1995). More specifically, he argued that the conviction for the 1996 charges in which the trial court withheld adjudication and placed him on community control cannot be treated as a prior conviction under section 775.084(2) for habitual felony offender status because that section's reference to "probation" and "probationary period" excludes defendants serving community control. We agree with Benton that the 1996 case disposition cannot serve as a predicate offense for habitual offender status.
Section 775.084(2), Florida Statutes (1995), states:
For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period.
In Overstreet v. State of Florida, 629 So.2d 125, 126 (Fla.1993), the Florida Supreme Court construed the plain language of section 775.084(2) to include only those offenses that occur while a defendant is on probation. In Overstreet, the trial court withheld adjudication on multiple felony offenses and sentenced the defendant as a youthful offender to four years in a corrections boot camp to be followed by a two-year probationary period. The defendant then committed an offense while he was in boot camp. The trial court treated the felony offenses in which adjudication had been withheld as convictions and sentenced the defendant to a five-year term of imprisonment as a habitual offender. The Supreme Court quashed the district court's decision because the defendant, although incarcerated, had his adjudication withheld and was not on probation at the time in which he committed the subsequent offense. Benton's argument is even stronger than the defendant in Overstreet because Benton was not incarcerated when he committed the 1997 offenses. Thus, Benton was further removed from the adjudication of guilt required for treatment as a habitual felony offender.
The State tries to distinguish Overstreet by arguing that Benton, despite being convicted of violating his community control "was also on an order of probation." Benton, however, was on community control and not on probation when he committed the 1997 offenses. His sentence clearly *390 states that Benton was placed on community control, to be followed by three years probation, just as Overstreet's incarceration was to be followed by probation.
We thus hold that Benton's prior offenses in which adjudication was withheld cannot be treated as prior convictions for the purpose of habitual felony offender sentencing. See also Destra v. State, 672 So.2d 822 (Fla. 3d DCA 1995) (crimes for which defendant was placed on community control after adjudication was withheld are not treated as prior convictions for sentencing purposes); Suarez v. State, 808 So.2d 1288, 1289 (Fla. 3d DCA 2002) (offense for which defendant was placed on community control after adjudication was withheld does not qualify as a prior conviction under section 775.084(2)).
Therefore, we reverse Benton's sentence for the 1997 charges, and remand the cause for re-sentencing consistent with this opinion.
NOTES
[1] See Benton v. State, 765 So.2d 713 (Fla. 3d DCA 2000).
[2] See Benton v. State, 799 So.2d 1050 (Fla. 3d DCA 2001).