848 So.2d 1229 (2003)
Joseph Anthony KUZMINSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5460.
District Court of Appeal of Florida, Second District.
July 9, 2003.
*1230 FULMER, Judge.
Joseph Anthony Kuzminski challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The State concedes, and we agree, that the trial court erred in sentencing Kuzminski as a habitual felony offender. We reverse.
On June 6, 2002, Kuzminski entered a plea of no contest in case 99-355C for offenses that occurred in April 1999. The trial court determined that Kuzminski met the habitual felony offender criteria and imposed a habitual offender sentence of five years in prison.
Kuzminski subsequently filed a motion to correct illegal sentence in which he claimed that his habitual offender sentence was illegal because he lacked the necessary predicate offenses for such a sentence. In its order denying the motion, the trial court attached the June 7, 2002, order of the sentencing court declaring Kuzminski to be a habitual felony offender, together with the judgments and sentences for cases 93-297CF and 95-33CF upon which that determination was predicated. The trial court concluded that these documents refuted Kuzminski's claims. However, these documents reflect that the two convictions upon which the habitual felony offender qualification was based were both entered on March 13, 1995, and, therefore, failed to satisfy the sequential convictions requirement of section 775.084(5), Florida Statutes (Supp.1998).
In case 93-297CF, Kuzminski entered a plea of no contest to burglary of a structure and was placed on probation. Adjudication was withheld. He subsequently violated his probation and was adjudicated guilty on March 13, 1995, and sentenced to thirty-two months in prison. Also on March 13, 1995, Kuzminski was adjudicated guilty of burglary of a dwelling and dealing in stolen property in case 95-33CF. He was sentenced to thirty-two months in prison, concurrent with the sentence imposed in case 93-297CF.
Section 775.084(2), Florida Statutes (Supp.1998), states:
For the purposes of this section, the placing of a person on probation or community control without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which the person is to be sentenced was committed during such period of probation or community control.
The offenses committed in case 99-355CF were not committed while Kuzminski was on probation for case 93-297CF. Therefore, the date of conviction for habitualization purposes in case 93-297CF is March 13, 1995, the date Kuzminski was adjudicated guilty after violating his probation. See May v. State, 713 So.2d 1087 (Fla. 2d DCA 1998). This is the same date that he was convicted in case 95-33CF. It was therefore improper for the sentencing court to have used these convictions to qualify and sentence Kuzminski as a habitual felony offender in case 99-355CF.
In its response to this appeal, the State concedes error but argues that the remedy *1231 should be limited to striking only the habitual offender designation on the five-year sentence. The State also argues that on remand it should be allowed to again seek a habitual offender sentence using other available prior convictions that may exist. The State rested these arguments on a recital of the fact that Kuzminski agreed to the five-year sentence pursuant to the terms of a plea agreement in which he also agreed that the State could "move to habituate on 99-355CF." A copy of the plea agreement was attached to the State's response but was not one of the documents attached to the trial court's order denying Kuzminski's motion. Neither was it properly made a part of the summary record. Furthermore, we do not have a transcript of the sentencing proceeding in which the presence or absence of objections may control whether the State should be entitled to again seek a habitual offender sentence. Thus, we decline to address the State's arguments regarding resentencing and direct that they first be argued on remand before the trial court.
Reversed and remanded for resentencing.
CANADY and WALLACE, JJ., concur.