SILBERMAN, Judge.
Miguel Herrera-Lara appeals a judgment withholding adjudication of guilt and an order imposing a fine and costs for possession of a counterfeit registration license plate pursuant to section 320.26(l)(a), Florida Statutes (2004).[1] Because Herrera-Lara’s conduct did not constitute a violation of section 820.26(l)(a), we reverse.
The State charged Herrera-Lara with possessing a counterfeit registration license plate in violation of section 320.26(l)(a). Herrera-Lara filed a motion to dismiss, admitting that he was in possession of a counterfeit temporary tag but asserting that possession of a counterfeit temporary tag does not violate section 320.26(l)(a). He argued that a temporary tag is different from a registration license plate and that because the term “temporary tag” is not identified in the list of counterfeit items contained in section 320.26, the statute does not apply to his conduct. Instead, temporary tags are addressed in section 320.131, which describes unlawful conduct relating to temporary tags, including the knowing and willful abuse or misuse of temporary tags. He asserted that because possession of a counterfeit temporary tag is not a violation of section 320.26(l)(a), he was entitled to dismissal of the charge. We agree.
Section 320.26(l)(a) states in pertinent part that “[n]o person shall counterfeit registration license plates, validation stickers, or mobile home stickers, or have in his or her possession any such plates or stickers.” (Emphasis added.) Section 320.26(2) punishes a violation of subsection (l)(a) as a third-degree felony. Registration license plates are specifically described in chapter 320. Section 320.06(l)(a) provides the following:
Upon the receipt of an initial application for registration and payment of the appropriate license tax and other fees required by law, the department shall assign to the motor vehicle a registration license number consisting of letters and numerals or numerals and issue to the owner or lessee a certificate of registration and one registration license plate, unless two plates are required for display by s. 320.0706, for each vehicle so registered.
Section 320.06(3)(a) provides that “[r]eg-istration license plates shall be of metal specially treated with a retrorefleetive material, as specified by the department. The registration license plate is designed to increase nighttime visibility and legibility.” Further, “[t]he registration license plate shall be imprinted with a combination of bold letters and numerals or numerals, not to exceed seven digits, to identify the registration license plate number.” Id. Subject to certain exceptions, a registration license plate is to “be imprinted with the word ‘Florida’ at the top and the name of the county in which it is sold at the bottom.” Id. Section 320.06 also specifies that registration license plates are valid for periods ranging from one to five years and that, with each plate, validation stiek- *1140 ers are to be issued and placed on the registration license plate. See § 820.06(l)(b), (c).
Section 320.131 is titled “Temporary Tags” and addresses the issuance of temporary tags. It provides in pertinent part as follows:
(1) The department is authorized and empowered to design, issue, and regulate the use of temporary tags to be designated “temporary tags” for use in the following cases:
[[Image here]]
(k) In any case where a permanent license plate cannot legally be issued to an applicant and a temporary license plate is not specifically authorized under the provisions of this section, the department shall have the discretion to issue or authorize agents or Florida licensed dealers to issue temporary license plates to applicants demonstrating a need for such temporary use.
Section 320.131(4) provides the following:
Temporary tags shall be conspicuously displayed in the rear license plate bracket or attached to the inside of the rear window in an upright position so as to be clearly visible from the rear of the vehicle. On vehicles requiring front display of license plates, temporary tags shall be displayed on the front of the vehicle in the location where the metal license plate would normally be displayed.
Section 320.131(3) states that the unlawful issuance or use of a temporary tag constitutes a misdemeanor of the second degree. Section 320.131(5) provides that the knowing and willful abuse or misuse of “temporary tag issuance to avoid registering a vehicle” constitutes a misdemeanor of the first degree. Section 320.131(6) states that “[a]ny person who knowingly and willfully issues a temporary tag or causes another to issue a temporary tag to a fictitious person or entity to avoid disclosure of the true owner of a vehicle commits a felony of the third degree.”
Temporary tags are valid for periods ranging from ten to ninety days. See § 320.131(1)(f), (j), and (2). Section 320.131 makes no mention of validation stickers. Although not addressed by the parties, we note that subsections 320.131(l)(k) and (8) also use the term “temporary license plate” and its plural, “temporary license plates.” As with temporary tags, these terms are not specifically defined, but in context, it is apparent that such “plates” are for temporary, short-term use as compared to the long-term use contemplated in connection with registration license plates.
The State does not dispute that the item giving rise to the charge at issue here is a photocopy of a temporary tag. But the State argues that temporary tags are license plates and thus fall within the counterfeiting prohibition contained within section 320.26(l)(a). The State further argues that while section 320.131 addresses the abuse or misuse of actual temporary tags, it is not directed to the act of counterfeiting a temporary tag or possessing a counterfeit temporary tag. Because Herrera-Lara specifically admitted that he was in possession of a counterfeit temporary tag, the State argues that section 320.131 would not apply to Herrera-Lara’s conduct and that section 320.26(l)(a) would apply.
Based upon our review of chapter 320, it appears the legislature intended the term “registration license plates” to refer to the more permanent plate issued upon the registration of a motor vehicle. As discussed previously, “registration license plates” are described as being made of metal with imprinted letters and numerals or only numerals, bearing validation stickers, and being issued for periods of one *1141 year or more. See § 320.06(l)(b), (c), (3)(a). By contrast, temporary tags are valid for much shorter periods of time and bear no validation stickers. See § 320.131(1)(f), CD, and (2). Temporary tags may be displayed in the rear window or in the rear license bracket, and where a front display is required, they must be displayed “where the metal license plate would normally be displayed.” See § 320.131(4). Thus, the legislature recognized a distinction between “registration license plates” and “temporary tags.” Further, although the legislature also used the term “temporary license plate” and its plural in section 320.131, nothing in that section or in sections 320.06 or 320.26 suggests that temporary license plates are the equivalent of the more permanent registration license plates.
The legislature specifically used the term “registration license plates” when it drafted the counterfeiting statute, section 320.26, and did not list the terms “temporary tags” or “temporary license plates” in that statute. Registration license plates have a specific description, use, and meaning in the statutory scheme that differs from the description, use, and meaning that applies to temporary tags or temporary license plates. “Legislative intent must be determined primarily from the language of the statute. The legislature is assumed to know the meaning of the words in the statute and to have expressed its intent by the use of those words.” Overstreet v. State, 629 So.2d 125, 126 (Fla.1993). Because the legislature did not include the terms “temporary tags” or “temporary license plates” in section 320.26, we must assume the legislature did not intend for section 320.26 to apply to those items. See Thayer v. State, 335 So.2d 815, 817 (Fla.1976) (noting “general principle of statutory construction that the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius”); see also McFadden v. State, 737 So.2d 1073, 1075 (Fla.1999) (quoting Thayer for the foregoing proposition).
We also note Herrera-Lara’s argument that to the extent there may be any ambiguity as to whether section 320.26(l)(a) is intended to address counterfeit temporary tags, that ambiguity must be construed in Herrera-Lara’s favor. We agree. See Overstreet, 629 So.2d at 125 (noting that “penal statutes are to be strictly construed in a manner most favorable to the accused”); see also Deason v. Fla. Dep’t of Corr., 705 So.2d 1374, 1375 (Fla.1998) (acknowledging “the legal maxim that ambiguity in penal statutes should generally be resolved in favor of the defendant”).
In light of the statutory scheme contained in chapter 320, we conclude that the legislature assigned different meanings to the terms “registration license plates” on the one hand and “temporary tags” or “temporary license plates” on the other hand. Accordingly, section 320.26, which specifically refers to counterfeit registration license plates, does not apply to Herrera-Lara’s possession of a counterfeit temporary tag. Because Herrera-Lara’s conduct did not constitute a violation of section 320.26(l)(a), the trial court should have granted his motion to dismiss. Therefore, we reverse the judgment and the order imposing a fine and costs and remand for the trial court to enter an order of dismissal.
Reversed and remanded.
CASANUEYA and KELLY, JJ., Concur.

. The trial court also entered a judgment adjudicating Herrera-Lara guilty of operating a motor vehicle without a valid registration. Herrera-Lara does not challenge that judgment.