974 So.2d 451 (2008)
Alexander SUAREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1925.
District Court of Appeal of Florida, Third District.
January 16, 2008.
John Lipinski, for appellant.
Bill McCollum, Attorney General, and Michael E. Hantman, Assistant Attorney General, for appellee.
Before COPE, WELLS, and SUAREZ, JJ.
COPE, J.
In an earlier postconviction appeal, this court ruled that Alexander Suarez did not qualify as a habitual violent felony offender (HVFO), and remanded for resentencing. Suarez v. State, 808 So.2d 1288 (Fla. 3d DCA 2002). On remand, the trial court resentenced defendant-appellant Suarez under the guidelines, but (at the State's request) greatly increased the sentence. We conclude that this was impermissible. For a resentencing after an erroneous habitualization, the trial court may restructure the sentences so as to achieve (but not exceed) the original sentencing intent. That being so, there must be a new sentencing proceeding for one of the defendant's two cases.

*452 I.
In 1993, the defendant was convicted of robbery without a firearm and other offenses in Miami-Dade County Circuit Case No. 92-10836. He was convicted of armed robbery and other offenses in Miami-Dade County Circuit Court Case No. 92-15322.[1]
At the 1993 sentencing in the two cases, the sentencing guidelines score for the defendant allowed imposition of a sentence up to life. The State asked that the life sentence be imposed as a HVFO, or under the guidelines. The sentencing judge declined to impose a life sentence. Instead, he sentenced the defendant in No. 92-15322 to forty years with a fifteen-year mandatory minimum sentence as an HVF0.[2] In No. 92-10836 the sentence was twenty-five years with a ten-year mandatory minimum as an HVFO.[3] The sentences in the two cases were consecutive, so the overall total of the two sentences was sixty-five years with twenty-five years of mandatory minimum sentences as an HVFO.
As already mentioned, in earlier proceedings the defendant filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), asserting that he did not qualify as an HVFO. On appeal from the denial of that motion, the State conceded that the defendant did not qualify as an HVFO, and should be resentenced on the HVFO counts. This court accepted the State's confession of error and issued an opinion directing that the defendant be resentenced. Suarez, 808 So.2d at 1289. This court's opinion stated that (as had been requested by the State) "on remand, the State may again seek habitual offender treatment, using other convictions, if they exist, or alternatively, seek an upward departure from the sentencing guidelines as was originally sought." Id. (citations omitted).[4]
On remand, a successor judge conducted a new sentencing hearing. The State argued that the terms of this court's remand allowed the trial court to impose any sentences it chose, even if the new sentences exceeded the original sentences in the two cases. The trial court accepted this argument and increased the overall sentences. In No. 92-15322 the court imposed consecutive guidelines sentences on each count which amounted to an overall sentence of 225 years.[5] In No. 92-10836, the court *453 imposed consecutive guidelines sentences which amounted to an overall sentence of twenty years and 364 days.[6] The sentences in the two cases were imposed consecutively, so the grand total of the sentences in the two cases amounted to 245 years and 364 days, as compared with the original sentence of sixty-five years.
The defendant has appealed.

II.
The defendant argues that the trial court misinterpreted this court's mandate when it increased the defendant's sentence. We agree.
First, the State was wrong to advise the trial court that the defendant was to be resentenced on all counts in both cases. The defendant was to be resentenced on those counts on which he received an HVFO sentence. The State had acknowledged this during the defendant's earlier appeal to this court.
Second, this is a case of erroneous habitualization. At the original sentencing in 1993 the State requested, and the trial court imposed, sentence on the defendant as an HVFO, when the defendant did not qualify as an HVFO. Under established precedent, that error may be corrected at any time under Florida Rule of Criminal Procedure 3.800(a). Boyer v. State, 797 So.2d 1246, 1251 (Fla.2001).
When the defendant is to be resentenced after an erroneous habitualization, the trial court is allowed to restructure the sentences to try to come as close as possible to (but not exceed) the original sentencing intent.
Because the defendant never should have been sentenced as an HVFO to begin with, the defendant cannot be placed in a worse position at resentencing than he was under the original illegal sentence. As the Florida Supreme Court said in an analogous case:
If [the defendant] had been properly sentenced in the initial proceeding, he would not be facing life imprisonment. To sustain the life sentence would be to punish [the defendant] for the trial court's mistakes. The more equitable result is to place him in the position he would have been in absent the court's error.
Smith v. State, 536 So.2d 1021, 1022 (Fla. 1988).

III.
The original sentencing judge decided that the appropriate sentence in this defendant's cases was forty years with a fifteen-year mandatory minimum in No. 92-15322, and a twenty-five year sentence with a ten-year mandatory minimum in No. 92-10836. Further, the original sentencing judge concluded that the sentences in the two cases should be consecutive.
On remand for resentencing after the defendant's HVFO adjudication was vacated, the trial court was allowed to employ available options to come as close as possible to achieving the original sentencing judge's sentencing intent. One option was to permit the State again to qualify the defendant as an HVFO if the defendant *454 had another prior conviction which would qualify him as an HVFO. See § 775.084(1)(b), Fla. Stat. (1991); Suarez, 808 So.2d at 1288. However, the defendant did not have another qualifying conviction.
Another option was to qualify the defendant as a habitual felony offender (HFO), if he had two prior qualifying felony convictions. See id. § 775.084(1)(a), Fla. Stat. (1991). However, the defendant did not have two qualifying convictions.
Since the defendant did not qualify as an HVFO or HFO, the trial court was required to resentence him under the sentencing guidelines. The maximum allowed under the scoresheet was a life sentence, so there was no need to consider a departure sentence. See supra n. 4. In this situation the court is allowed to restructure the counts to use consecutive sentencing, if necessary, to come as close as possible to the original trial judge's sentencing intent.

IV.
The trial court was correct in its resentencing of the defendant in No. 92-10836. The original sentence had been twenty-five years with a ten-year mandatory minimum as an HVFO. Counts one and three were the HVFO counts. On resentencing, the trial court imposed guidelines sentences of fifteen years (count 1), 364 days (count 2), and five years (count 3). The court restructured the sentences (which originally had been concurrent) to be consecutive. The overall new sentence on No. 92-10836 was twenty years and 364 days. This was as close as the trial court could come to the original sentencing intent, which had been a twenty-five year sentence. We affirm the sentencing order in No. 92-10836.

V.
We find error, however, with regard to the newly imposed sentence in No. 92-15322. The original sentencing judge had imposed an overall sentence of forty years with a fifteen-year mandatory minimum as an HVFO. Counts 1, 10, and 11 were the HVFO counts. The sentences on all counts were concurrent.
At resentencing, the State erroneously informed the successor judge that he should resentence the defendant on all counts. In reality, resentencing was called for only on the HVFO counts. On what had been the HVFO counts (counts 1, 10, and 11), the successor judge imposed forty-year sentences under the guidelines, resentenced the defendant on the remaining counts, and ordered all counts to be consecutive. This was incorrect.
The successor judge could impose the sentences so as to come as close as possible to (but not exceed) the original sentencing intent, which was forty years. Since forty years was within the legal maximum on several counts, there was no need to change from concurrent to consecutive sentences. We therefore reverse the sentencing order in No. 92-15322 and remand for imposition of a sentence, which will not exceed the original trial judge's sentencing intent. The sentences in case numbers 92-15322 and 92-10836 may be consecutive, as was true of the original sentences. Since this is a correction of the resentencing, the same scoresheet will remain in effect.

VI.
The State argues that the sentencing orders which increased the defendant's sentences were permissible and should be affirmed on authority of Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). We disagree. The Wasman decision was a federal vindictive sentencing case, in which a defendant received *455 a longer sentence after his second trial. That case has no application here. The question in the present case is what latitude the trial court has in resentencing a defendant who was erroneously habitualized.

VII.
For the stated reasons, we affirm the sentencing order in No. 92-10836. We reverse the sentencing order in No. 92-15322 and remand for resentencing in accordance with this opinion.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] The crime date in No. 92-15322 was February 17, 1992, and in No. 92-10836 was February 14, 1992.
[2] In No. 92-15322, the court imposed concurrent sentences as follows:

Count 1-40 years with a 15 year mandatory minimum (HVFO)
Count 3-5 years
Count 4-15 years
Count 5-5 years
Count 6-15 years
Count 7-Time served Count 9-40 years
Count 10-40 years with a 15 year mandatory minimum (HVFO)
Count 11-40 years with a 15 year mandatory minimum (HVFO)
Count 12-3 years
Count 13-5 years
Count 14-5 years
[3] In No. 92-10836 the court imposed concurrent sentences:

Counts 1, 3-25 years with a 10 year mandatory minimum (HVFO)
Count 2-364 days
[4] The State apparently requested that the trial court be allowed to consider a departure sentence in the event it should turn out on remand that the defendant scored to less than a life sentence. See State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989). However, that became irrelevant because the defendant scored to a life sentence.
[5] In No. 92-15322, the court imposed new consecutive sentences as follows:

Count 1-40 years
Count 3-5 years
Count 4-15 years
Count 5-15 years
Count 6-15 years
Count 9-40 years
Count 10-40 years
Count 11-40 years
Count 12-5 years
Count 13-5 years
Count 14-5 years
[6] In No. 92-10836 the court imposed new consecutive sentences as follows:

Count 1-15 years
Count 2-364 days
Count 3-5 years