997 So.2d 1164 (2008)
Bob CHAMPAGNE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-3082.
District Court of Appeal of Florida, Third District.
December 10, 2008.
Bob Champagne, in proper person.
Bill McCollum, Attorney General, and Nicholas A. Merlin, Assistant Attorney General, for appellee.
Before COPE, SHEPHERD, and SALTER, JJ.
PER CURIAM.
Appellant, Bob Champagne, appeals a trial court order denying his motion, brought pursuant to Florida Rule of Criminal Procedure 3.800(a) to correct his sentence of life in prison as an habitual violent felony offender. Based upon the State's confession, which is confirmed by the record provided to us, we reverse and remand for resentencing.
On appeal to this Court, the State concedes the predicate offense used to habitualize Champagne in 1993 was a 1992 robbery charge, for which Champagne received a withhold of adjudication and a sentence of two years of community control followed by two years of probation. This concession is confirmed by our review of the record. The 1991 habitual violent felony offender statute allowed defendants to be habitualized based on new crimes committed within the probationary period of a qualifying offense for which adjudication had been withheld, see § 775.084(2), Fla. Stat. (1991), but the statute did not allow courts to habitualize defendants based on new crimes committed while serving sentences of community control on qualifying offenses for which adjudication had been withheld. Suarez v. State, 808 So.2d 1288 (Fla. 3d DCA 2002). Because Champagne's adjudication had been withheld, and because he was serving a sentence of community control, not probation, at the time he committed the offenses for which he was habitualized, the prior robbery offense could not serve as a predicate offense *1165 qualifying Champagne as a habitual violent felony offender. Accordingly, we reverse his conviction and remand this case to the trial court for resentencing. On remand, the State may again seek habitual offender treatment using other prior convictions (the State has indicated in response that there are "at least ten" other felonies within the applicable period) if they exist. Alternatively, the State may seek an upward departure from the sentencing guidelines. The defendant shall be entitled to be present at the resentencing hearing.
Reversed.