PER CURIAM.
The appellant challenges the denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons discussed below, we reverse and remand.
The appellant was convicted of numerous crimes and sentenced to thirty years’ imprisonment as an habitual felony offender on some of the charges. The trial court relied on three prior convictions, in case numbers 96-2538, 96-2410 and 95-2276, to deem the appellant an HFO. The appellant filed the instant motion to correct illegal sentence alleging that his HFO sentences are illegal because he does not have two qualifying predicate convictions. Specifically, he alleges that his conviction in case 95-2276 could not be used to habitualize him because in that case adjudication was withheld and he was on community control at the time he committed the offenses for which he was habitualized. Further, he alleges that cases 96-2538 and 96-2410 cannot be used to habitualize him because he was convicted of both on the same day, and therefore, the convictions are not sequential.
The appellant asserts that case 95-2276 was not a qualifying predicate felony for purposes of the HFO statute. Section two of the 1997 version[1] HFO statute states:
For purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which the person is to be sen *47 tenced was committed during such probationary period.[2]
§ 775.084(2), Fla. Stat. (1997). In Overstreet v. State, 629 So.2d 125 (Fla.1993), the trial court withheld adjudication on multiple felony offenses and sentenced the defendant as a youthful offender to four years in a boot camp to be followed by a two-year probationary period. Id. The defendant then committed an offense while he was in boot camp. Id. The trial court treated the felony offenses for which adjudication had been withheld as qualifying predicate convictions and sentenced the defendant to a five-year term of imprisonment as a habitual offender. Id. The Florida Supreme Court held that the plain language of section 775.084(2) meant that prior offenses for which adjudication was withheld cannot be treated as prior convictions for the purpose of habitual felony offender sentencing if the offender was incarcerated at the time, because the defendant was not yet on probation. Id. at 126. In doing so, the supreme court rejected the contention that the legislature meant for section 775.084(2) to include pri- or felonies for which a defendant was incarcerated, on probation, or on community control. In Benton v. State, 829 So.2d 388 (Fla. 3d DCA 2002), the Third District specifically held that pursuant to Over-street, when adjudication of guilt is withheld and a defendant is placed on community control, the conviction cannot be treated as a prior conviction pursuant to section 775.084(2), Florida Statutes (1995).
In this case, the record reflects that in case 95-2276, the appellant was placed on community control and adjudication had been withheld at the time he committed the instant offenses. Thus, ease 95-2276 does not qualify as a predicate felony offense under the relevant HFO statute. See Benton, 829 So.2d at 389.
Additionally, the appellant alleges that the other two crimes used to support his HFO sentences (96-2538 and 96-2410) were not sequential because he was sentenced for both crimes on the same day. According to section 775.084(5), Florida Statutes (1997): “In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.” The trial court did not attach any documentation indicating that cases 96-2538 and 96-2410 were in fact sequential convictions. See Phillips v. State, 972 So.2d 297 (Fla. 1st DCA 2008) (reversing and remanding denial of rule 3.800(a) motion where trial court did not attach records indicating the predicate felonies were sequential). Thus, it is not clear whether cases 96-2538 and 96-2410 alone could support appellant’s HFO sentences.
Accordingly, we REVERSE and REMAND for the trial court to attach documentation demonstrating that appellant qualified as an HFO or to grant relief.
PADOVANO, J., concurs.
WOLF, J., concurs with opinion.
THOMAS, J., dissents with opinion.

. The 1997 version applies because the crimes for which the appellant was sentenced as an HFO were committed on September 30, 1997.

. This section was amended in 1998 to read: "For purposes of this section, the placing of a person on probation or community control without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which the person is to be sentenced was committed during such period of probation or community control." See Ch. 98-204 § 11, at 1968, Laws of Fla.